UTICA,
Aug. 1826.

The People
v.
Bartow.

---

## The People *against* Bartow.

In declaring on the 1st and 2d section of the statute, (*sess.* 41, *ch.* 236,) against unlicensed bankers, it is sufficient to set forth the act so far as it relates to the offence charged, and then to describe the offence according to the statute, averring that, by force of the statute, the defendant forfeited, &c. and an action arose, &c. without saying, " contrary to the form of the statute."

An individual keeping an office of deposit for the purpose of discounting notes, is an offender within the act, though the office be not for the purpose of any other banking operation.

An individual, keeping an office for carrying on any single banking operation, is within the act. It is not necessary, to subject him to the penalty, that it should be for carrying on banking business generally, or in more than one branch.

A declaration under the act, that the defendant kept an office of deposit for the purpose of carrying on banking business and operations, without saying what, is not too general, as it follows the words of the statute.

A declaration on a penal statute creating an offence unknown to the common law, and giving an action, should, in some way, shew an offence against the statute ; but it is not always necessary to say *contra formam statuti.* It is enough that the offence appear to be, in truth, against the statute.

On a demurrer to the whole declaration, if either count be good, judgment will be for the plaintiff on that count, though the other counts be bad.

On demurrer to the declaration. This was in debt for $2,000. The first count recited the statute passed *April 21st,* 1818, which enacted, that it should not be lawful for any person, association of persons, or body corporate, from

and after the first day of *August* then next, to keep any office of deposit for the purpose of discounting promissory notes, or for carrying on any kind of banking business or operations, which incorporated banks are authorized by law to carry on ; unless thereunto specially authorized by law.   And that in case any person or persons, or body corporate, should contravene the foregoing provisions, every such person or persons, and the members of every such corporation, who should, either directly or indirectly, assent thereto, should, for every offence, forfeit the sum of $1,000, to be sued for, &c. and recovered in an action of debt, in the name of the people.   This count then alleged that the defendant, not regarding the act, nor the provisions therein contained, after, &c. to wit, on the 1*st* day of *April*, 1825, at, &c. did keep an office of deposit, for the purpose of discounting promissory notes, he not being thereunto specially authorized by law ; whereby, &c. by force of the statute in this case made and provided, the defendant forfeited $1000 ; and, by force of the statute, an action hath accrued, &c.

The second count stated, that after, &c. to wit, on the 1*st* day of *April*, 1825, at, &c. the defendant, not regarding the act, nor the provisions therein contained, did keep an office of deposit, for the purpose of carrying on banking business and operations, which incorporated banks are authorized by law to carry on, he not being thereunto specially authorized by law.   Whereby, &c. (*as before.*)

General demurrer and joinder.

*S. A. Foot*, in support of the demurrer.   The first count is defective, in not alleging that the defendant has contravened all the provisions contained in the 1st section of the act, (*sess.* 41, *ch.* 236, *s.* 1, 2.)   The same objection applies to the 2d count.   The words in the second section are not the foregoing provisions, *or any of them.*   The crime charged, is keeping an office only.   To warrant the action, all the provisions, and each of them, must be violated.   Otherwise the act must be extended by construction, which cannot be of a penal statute.   Any man has a right

UTICA,
Aug. 1826.

The People
v.
Bartow.

to keep an office of discount and deposit. The only object of the act was to restrain companies not incorporated, from carrying on banking operations.

The offence is not alleged in either count, to have been committed *against the form of the statute.* Such an averment is material in an action for a penalty given by statute. A general demurrer is sufficient to reach this defect. In a penal action, a general demurrer is equivalent to a special one in any other. The defect is fatal even after verdict. (1 *Chit. Pl.* 358. *Lee* v. *Clarke,* 2 *East,* 353.)

The second count is also bad for want of sufficient precision and certainty. It does not specify what kind of banking business or operations it was the purpose of the defendant to carry on.

*Talcott,* (attorney general) contra. The language of the statute is too plain to be mistaken. An individual can carry on no kind of banking business or operations. According to the construction contended for on the other side, any kind of banking business may be carried on, if all are not joined, and this too by a company. The object was to prevent every species of imposition which had so long been practiced upon the community by private banks. Yet, within the rule set up against us, three individuals, by dividing their operations, may violate all the provisions of the statute. If they do not go to work as a company, it is enough. They escape. One may keep an office of deposit; another issue notes; and a third discount. No. The true sense of the act is distributive. It reaches any separate kind of banking business. The intention of the legislature should be consulted. ( *Bac. Abr. Statute,* ( *I* ) *pl.* 9, *and the cases there cited.*)

As to the formal objection, *Lee* v. *Clarke* is itself against the plaintiff. The only difficulty in that case, arose from the circumstance that there were two different statutes. This will be seen by adverting to the opinion of the court, and the cases cited in the course of the discussion.

The attorney general also cited to this point, *Esp. on Penal Actions,* 107-8 ; 2 *Salk.* 504 ; and *Reynolds, q. t. v.*

*Smith*, (2 *Browne's Penn. Rep.* 257, 260,) which was a much stronger case for the defendant than the present one, the statute neither being recited in the declaration, nor the general conclusion inserted, *contra formam*, &c. Yet a motion in arrest was denied. It was held enough, that the declaration brought the defendant within the act by the description of the offence.

*Foot*, in reply, said, if the construction contended for by the attorney general, was the correct one, the statute might be extended to 20 or 30 different branches of business, very usually and generally carried on in community by individuals and mercantile houses. The words, *any kind of banking business or operations*, would reach almost the whole of the commercial world.

*Curia, per* Woodworth, J. It is objected that the first count is defective, for two reasons; 1. Because it does not appear that the defendant has contravened all the provisions in the first section of the act; 2. Because the offence charged is not alleged to have been committed against the form of the statute.

As to the first, it may be observed, that although a penal statute is to be construed strictly, the court are not to disregard the plain intent of the legislature. Among other things, it is well settled, that a statute which is made for the good of the public, ought, although it be penal, to receive an equitable construction. (6 *Bac. Abr.* 391.) When it is considered that this statute was intended to strike at an existing evil, deemed to be of serious injury to the community, it cannot well be doubted that its enactment was to promote the public good.

Applying these rules to the construction of the act, I apprehend the intention cannot be mistaken. It is evident, from the first part of the section, that all banking operations are prohibited. To keep an office of deposit, for the purpose of discounting notes, is a specific violation of the statute. It next forbids the carrying on of any kind of banking business. The latter may include, but is cer-

UTICA,
Aug. 1826.

The People
v.
Barlow.

tainly more extensive than the former.  There are opera-
tions of a bank other than the mere discounting of notes.
The penalty attaches upon every person who contravenes
the foregoing provisions.  To allow the construction con-
tended for by the defendant, would be to render the stat-
tute a dead letter.  The discounting of notes, is, undoubt-
edly, the principal business of a banking institution.  If,
in addition to this, it must be shown that the defendant
has conducted other and further operations incident to
banking, before he is liable to the penalty, the act becomes
nugatory and inoperative.  On this ground, it is only ne-
cessary for a party to confine himself strictly to the keep-
ing of an office for discounting notes, the great evil intend-
ed to be remedied, and he is sure then not to be reach-
ed.  He is excused, because he has not also conducted
some of the minor operations of a bank, distinct from the
discounting of notes.  The statute speaks a different lan-
guage.  It must, I think, be understood to attach, when-
ever either of the prohibitions have been violated.  This
is the manifest construction, although the words, " or ei-
ther of them," are omitted.

As to the second objection, it seems to be generally
necessary, in an action on a penal statute, where the act
prohibited was not an offence at the common law, to allege
in the declaration, that it was done "against the form of
the statute."  Stating merely, that by force of the stat-
ute, an action accrued, is not sufficient.  (*Lee* v. *Clark,*
2 *East*, 333.  1 *Chit. Pl.* 353.)  In *Lee* v. *Clark*, the ac-
tion was debt for a penalty on the game laws.  The dec-
laration did not set out the statute, or show that the acts
done were prohibited by it, otherwise than by averring
that the defendant had not lawful authority ; whereby,
and by force of the statute, an action accrued.  It was held
that the omission to say, *against the form of the statute,*
was fatal.  But the same case seems to admit, that the
omission of these word may be supplied.  Lord *Ellenbor-*
*ough* observed, "the fact must be alleged to be done
against the form of the statute.  I do not see such circum-
stances stated, as brings the case within any of them.

without alleging it to be against the form of the statute."
*Lawrence*, J. inclined to the sufficiency of an allegation,
" by force of the statute, an action hath accrued."   On a
subsequent day, the court commented on the case of *Coun-*
*dell* or *Kendall* v. *John*, (2 *Salk.* 505, *Holt's Rep.* 632, 5,
and *Fortes.* 125, *S. C.*,) which was supposed by the coun-
sel to decide that such an averment was unnecessary.
Lord *Ellenborough* remarked, that upon comparing the
case with other authorities, there did not appear to be
that incongruity which the court at first apprehended.
That the different reports of that case concur substantially
in this: that it is not necessary to conclude *contra for-*
*mam statuti ;* but, in the language of *Holt*, C. J. " you
must bring yourself within the description of it."   I think
it appears that the court, in *Lee* v. *Clarke*, acquiesced in
this distinction.   It was observed by Lord *Ellenborough*,
with respect to the case of *Kendall* v. *John*, that the ulti-
mate opinion of the court was, that in all actions founded
on a statute, it is necessary, in some manner, to shew that
the offence on which you proceed, is an offence against
the statute.   This principle, which I think sound, dispos-
es of the objection ; for here it is clearly shewn that the
statute prohibits the keeping of an office for discounting
notes ; and that the defendant did keep such office.   In-
dependent, therefore, of the words insisted on as neces-
sary, the offence appears to be against the statute.

The plaintiffs are, therefore, entitled to judgment, even
if the second count be defective, the demurrer being gen-
eral to the whole declaration.   On such a demurrer, if ei-
ther count be sufficient, the plaintiff will be entitled to
judgment upon it.   (1 *Chit. Pl.* 643.   1 *Saund.* 286, *n.*
(9.)   2 *id.* 379, *n.* (14.)

But I think the second count also good.   It is contend-
ed that this count does not specify what kind of banking
business the defendant intended to carry on.   The dec-
laration alleges that an office of deposit was kept for the
purpose of carrying on such business.   The penalty is in-
curred, if an office of deposit is kept, and the purpose, or
intent, be made out.   The defendant must come prepared

UTICA,
Aug. 1826.

to defend himself against the intent of doing any act, which may be considered as constituting banking business. The statute does not require a specification. The allegation, although general, is not more so than the statute.

The demurrer not being well taken to either count, the plaintiffs are entitled to judgment. But the defendant may withdraw his demurrer, and plead, on payment of costs.

Rule accordingly.