## Case No. 14,540.

### UNITED STATES v. BATCHELDER.

[9 Int. Rev. Rec. 97; 16 Pittsb. Leg. J. 310.]
District Court, N. D. New York. 1868.

PENAL ACTION—DECLARATION—PLEADING STATUTE —MOTION IN ARREST OF JUDGMENT.

1. In an action of debt on a penal statute the existence of the statute on which based, must be made in the declaration by direct allegation, as matter of fact. The mere assertion of a conclusion of law, as that by force of a statute, an action has accrued is insufficient.

2. A motion in arrest of judgment based on the ground that a declaration was so defective allowed, and judgment arrested.

[Cited in U. S. v. Seventy-Six Thousand One Hundred and Twenty-Five Cigars, 18 Fed. 151.]

At law.

HALL, District Judge. This is an action of debt upon a penal statute. The declaration is in the following words and figures:

"Northern District of New York, ss.: The United States of America, plaintiffs in this suit, by William Dorsheimer, their attorney, complain of Jeremiah C. Batchelder, defendant herein, being in custody, &c., of a plea that he render to the said plaintiffs the sum of nine thousand and seventy-eight dollars and fifty-seven cents, which to them he owes and from them unjustly detains. For that, whereas, heretofore, to wit, on the 17th day of April, 1867, at Ogdensburgh, in the county of Saint Lawrence, in the Northern district of New York, the said defendant was the owner of certain goods, wares and merchandise, to wit, forty-seven cattle and one hundred and thirty-four live hogs, of great value, to wit, of the value of nine thousand and seventy-eight dollars and fifty-seven cents, the growth and produce of some foreign place or country, to wit, of the produce of Canada, which said goods, wares and merchandise were subject to duties upon the importation thereof. Second. And also for that, he, the said defendant, brought and imported the said goods, wares and merchandise, cattle and live hogs, from a foreign port or place, to wit, from Toronto, in a foreign territory adjacent to the United States, to wit, the province of Canada aforesaid, into the United States of America, to wit, at Ogdensburgh, in the district of Oswegatchie, in the Northern district of New York, and within the jurisdiction of this court, and did upon such importation make entry of the same at the office of the collector of customs, at the said port of Ogdensburgh, and upon said entry, (with design to evade the duties upon the said cattle and live hogs, or some part thereof,) the said defendant did exhibit to and leave with the said collector of customs, a certain false and fraudulent invoice thereof, wherein he, the said defendant, did not invoice the said cattle and live hogs at the actual cost thereof, at the place of exportation, to wit, at Toronto, aforesaid, but did falsely and fraudulently invoice the said cattle and live hogs as of a less price

and value than the true value of the said cattle and live hogs, and as of a less price and value than the actual cost thereof at the place of exportation thereof, with design to evade the duties upon the said cattle or live hogs or some part thereof. Whereby and by force of the statute in such case made and provided, an action hath accrued to the said plaintiffs, to demand and have of and from the said defendant, the said sum of nine thousand and seventy-eight dollars and fifty-seven cents, the said sum above demanded. Yet the said defendant, although often requested so to do, has not paid to the said plaintiffs the said sum of nine thousand and seventy-eight dollars and fifty-seven cents, or any part thereof, but to pay the same or any part thereof, has hitherto wholly neglected and refused, and still does neglect and refuse, to the damage of the plaintiffs of nine thousand and seventy-eight dollars and fifty-seven cents; and therefore they bring suit, &c."

The defendant pleaded nil debet, and the case was tried at the present term, upon these pleadings. A verdict for the United States having been rendered, the counsel for the defendant moved in arrest of judgment upon the ground that the declaration was, for various reasons, fatally defective in substance.

Upon the trial, and also upon the argument of the motion in arrest, the attorney of the United States based his claim to a forfeiture upon the first section of the act of March 3, 1863 ([12 Stat. 742], 12 Lit. & B. St. U. S. p. 738); but since the argument he has, by his written points and argument, insisted that the declaration is founded upon the 66th section of the custom act of 1799 [1 Stat. 677], and is sufficient under that section.

That the declaration is fatally defective as a declaration under the act of 1863, is too clear and obvious to require argument. In its form and substance it approaches much more nearly to a proper declaration under the 66th section of the act of 1799, but it is clearly insufficient to authorize a judgment upon the verdict under the provisions of that section.

It will not be necessary to notice all the defects apparent upon the face of the declaration, or to consider the objections argued on the motion in arrest, in the precise form and order in which they were presented by the defendant's counsel. The section of the act of 1799, now relied upon by the attorney of the United States, provides "that if any goods, wares or merchandise, of which entry shall have been made in the office of a collector, shall not be invoiced according to the actual cost thereof at the place of exportation, with design to evade the duties thereupon, or any part thereof, all such goods, wares or merchandise, or the value thereof, to be recovered of the person making the entry shall be forfeited." It is apparent that the invoice referred to in this section must be the invoice upon which the entry is made, and after a careful comparison of the language of these provisions, with the allegations of the declaration, and a careful consideration of the cases of Goodwin v. U. S. [Case No. 5,554]; U. S. v. 28 Packages of Pins [Id. 16,561]; U. S. v. Riddle, 5 Cranch [9 U. S.] 311; and U. S. v. Three Parcels of Embroidery [Case No. 16,512],—I am of the opinion that the declaration in this case is fatally defective, because it does not allege that the defendant made the entry according to or upon the false invoice, and that upon that invoice and entry, the cattle and hogs so entered were not invoiced and entered according to the actual cost of the goods, and that the same were so entered upon such invoice below the actual cost thereof, with the design, &c. There is no allegation that the cattle and hogs were, in fact, entered at less than their actual cost, or even that they were entered upon such false and fraudulent invoice, or at the price, or rate, or sum stated therein—the allegation being simply that the defendant upon such entry exhibited and left with the collector, a certain false and fraudulent invoice, "wherein" (that is, in such invoice, not in the entry) "he, the said defendant, did not invoice," &c., "but did" (that is, in such invoice) "falsely and fraudulently invoice," &c. This is a fatal defect not cured by the verdict. Again, it is clearly a fatal defect, and one not cured by the verdict, that the acts done by the defendant are not alleged to have been done contrary to the form of the statute in such case made and provided, and that there are no equivalent words showing that the acts complained of, were contrary to a statute on which the action was based. That one of those is necessary in a case like the present, is shown by a great number of cases of undoubted authority, only a few of which need be cited. Jones v. Van Zandt [Case No. 7,502]; U. S. v. Babson [Id. 14,489]; The Nancy [Id. 10,008]; Cross v. U. S. [Id. 3,434]; Sears v. U. S. [Id. 12,592]; Smith v. U. S. [Id. 13,122]; Kenrick v. U. S. [Id. 7,713]; 3 Barn. & C. 186; 2 East, 333; Willes, 599; 1 Maule & S. 500; 5 Pick. 168; 9 Pick. 162; 13 Pick. 94. See, also, Chit. Pl. 373; Esp. Pen. Act. 107, etc. Indeed, so clear did this appear upon the argument, that the district attorney then conceded that the declaration was fatally defective for this cause, unless it could be considered as a defect in form only, and cured by the verdict; and he asked to be allowed to amend it in that respect, but he has since, in his written points, referred to the case of People v. Barton, 6 Cow. 290, which he now insists decides that the declaration is not defective by reason of the omission referred to. This case, even if it were such as the district attorney seems to suppose, would not be sufficient to shake the authority of the opposing cases. But the case standing alone, would not sustain this declaration. The learned judge who delivered the opinion of the court in that case, expressly sanctioned the doctrine "that in all actions founded upon a statute, it is neces-

sary, in some manner, to show that the offence on which you proceed, is an offence against the statute," and then proceeded to show that the rule had been followed in that case. Indeed the declaration in that case, first recited the provisions of the statute on which the action was based, and then alleged the facts which brought the case within its provisions, and this was clearly sufficient. In the present case there is nothing of the kind, the only reference to a statute being the statement of the conclusion of law insisted upon by the pleader, and in which it is stated "whereby and by force of the statute in such case made and provided, an action hath accrued," &c., and the authorities are distinct and full to the point, that is not sufficient. See cases and authorities above cited, and The Nancy [Case No. 10,008], and cases there cited.

It is entirely clear that the required statements of the existence of a statute on which the action is based, must be made by a direct allegation, as matter-of-fact, and that the mere assertion of a conclusion of law (that by force of a statute an action has accrued) is insufficient.

The objections being well taken, the judgment must be arrested, and I shall not, therefore, discuss other questions which might be raised upon this very informal and defective pleading.

After verdict I have felt authorized to consider this declaration as containing a single count, instead of two counts, and to waive entirely the consideration of the question whether the omission to state any time when the material facts in reference to the invoice and entry occurred is fatal after verdict (U. S. v. Bowman [Case No. 14,631]); or whether it should not have appeared by a statement of the time when the entry was made that the statute of limitations had not run upon the claim of the United States (Whart. Cr. Law, §§ 445, 449, 3043, 3045). Nor have I considered it necessary to inquire, as the objection was not raised by demurrer, or otherwise, whether it was necessary to allege in the declaration that the property entered had not been seized, as was done in Cross v. U. S. [Case No. 3,434]; Sears v. U. S. [Id. 12,592]; and see particularly Smith v. U. S. [Id. 13,122].

Judgment arrested.

[Subsequently, an amended declaration, containing three counts, was filed and allowed. Case No. 14,541.]