ELLEDGE, &c.
vs
STRAUGHN.

ing the codicil
tor proof like-
wise.

---

## Elledge, &c. *vs* Straughn.

### ERROR TO THE ESTILL CIRCUIT.

*Assignment.    Obligor and obligee.*

JUDGE MARSHALL delivered the Opinion of the Court.

THIS was an action by petition and summons, brought in the name of Straughn, on a note for $250, payable to him.    The defendants pleaded that by endorsement on the note Straughn had, on the 9th of March, 1839, assign-ed $164 25 thereof to Jesse Barnet, and that by a simi-lar endorsement he had, on the 16th of December, 1839, assigned "the residue of the note, being $85 75," to E. L. Shackleford, and makes profert of said endorsement. A demurrer to this plea having been sustained and a judg-ment rendered for the plaintiff, the only question present-ed for the decision of this Court is, whether the right of action remained in Straughn, notwithstanding these as-signments.

It is well settled that a partial assignment does not pass the legal title or right of action, but that they remain in the original payee, who, to the extent of the interest as-signed, must be regarded as holding the title in trust for the assignee; and although the payee might, notwith-standing such partial assignment, pass the entire legal title to a third person, who would also hold in trust for the first assignee, to the extent of his interest, this could only be done by words indicating an intention to pass the entire note, or the entire legal title to it.    But the last as-signment in the present case not only does not indicate

PET. & SUM.

*Case* 39.

*October* 14.

The case stated.

A partial assign-ment of a note does not pass the legal title or right of action to the assignee, but it remains with the original payee—the obli-gee, after a par-tial assignment may, by using terms sufficient-ly comprehen-sive, transfer the right of action to another; yet if the assignment

Vol. II.                    11

ELLEDGE, &c.
*vs*
STRAUGHAN.

purport to be of
the *remainder*,
no legal right of
action passes by
such assignment.

such an intention, but clearly excludes it, since it professes to assign the balance only of the note, amounting to a particular sum which is named. If by the first assignment the legal title in a part of the note or the debt had passed to the assignee, then by the assignment of the balance or residue, the legal title to the remaining part might have passed to the second assignee; and the payee might thus have been divested of the entire right. But according to the established principle already stated, the title or legal right in the note must pass entire by the assignment, or remain in the assignor. And if the entire title did not and could not pass to the first assignee, because the assignment professed to transfer to him only a part of the note, or of the sum demandable upon it, we cannot perceive why or how the entire title should be supposed to pass to a second assignee by an assignment equally limited and partial. Neither assignee can take or claim by the assignment, more than the assignment itself purports to transfer to him; neither, therefore, becomes entitled to the entire note or the entire legal title or right therein, and neither can maintain, in his own name, an action upon it. Nor can it be conceived that by the subsequent assignment of the balance remaining after a previous partial transfer, the legal title which did not pass to any extent by the first assignment, became vested in the first and second assignees jointly. It seems to us, therefore, that the legal title in the note and the right of action remained in the assignor, for the benefit of the two assignees, notwithstanding the assignments.

The assignment
of the balance of
a note (a credit
being endorsed
thereon) trans-
fers the legal
right to sue.

The case of *Bledsoe* vs *Fisher*, 2 *Bibb*, 471, has been referred to in support of an opposite conclusion; but there is this obvious distinction between that case and this: there a credit having been entered on the note, the assignment of "the balance" of the note evidently excluded only the sum which had been paid and credited, and included all that remained due and demandable on the note; it was substantially an assignment of the entire demand, and of the entire note by which it was evidenced; and it would have been a technical construction, contrary to the manifest intention of the parties, and not required by any interest of either of them to consider it as a partial as-

signment. Here the assignment of the balance of the note, even if the sum constituting that balance had not been specified, excludes a part of that which was demandable and includes a part only of that which was demandable on the note. It is, therefore, essentially a partial assignment, and to construe it into any thing more would do violence to its terms.

Wherefore, the judgment is affirmed.

*Goodloe* for plaintiffs; *Turner* for defendant.