ABRAHAM MCPIKE, Plaintiff in Error, *v.* WILLIAM M. MC-PHERSON, Defendant in Error.

1. *Contract—Bond—Assignment—Cause of Action.*—Any party to a chose in action originating in contract, may in equity assign his several interest in the contract without affecting the rights of the parties interested with him. A bond was given to A. and by him assigned to B. and C., who instituted suit against the obligors; C. assigned his interest in the bond and suit to the obligors : *Held,* that B. had no cause of action against C., and that the assignment of B. was equivalent to a payment to him by the obligors of the amount due him, and that B. still retained his right to recover of the obligors the sum due to himself. (R. C. 1855, p. 1217, § 1, & p. 322, § 4.)

2. *Practice—Assignment—Change of Interest—Judgments.* — Where one of the plaintiffs in a suit assigns his interest in the cause of action to the defend· ants, the remaining plaintiffs may proceed with the suit, and recover the judgment to which they are entitled. The court may give judgment for or against one or more of the plaintiffs, and determine the ultimate rights of the parties on either side. (R. C. 1855, p. 1278, § 2.)

*Error to St. Louis Circuit Court.*

*Duke & Holliday*, for plaintiff in error.

*Glover & Shepley*, for defendant in error.

If the assignment had been proved as alleged, it was an assignment of only McPherson's interest; it does not pur- port to assign more, and there is no principle of law that gives it greater effect. It is assumed to be absolutely certain that McPherson's interest in the notes, bond, and suit, was assignable—Lyon v. Lyon, 4 Bibb. 438; Ellege v. Straughan, 2 B. Mon. 82; Bank v. Trimble, 6 B. Mon. 599; Gamble v. Johnston, 9 Mo. 605; Sto. Eq. Pl. § 349; Munsel v. Lewis, 2 Denio, 224; Hodgman v. W. R.R. Co., 7 How. Pr. 493; Lawrence v. Boyard, 7 Paige, 76; Hinkle v. Wanger, 17 How. (U. S.) 368; Field v. Mayor, &c., 2 Seld. 179, 187; Emmons v. Com., &c., 3 Barb. 243; 15 How. 128; Comegys v. Vasse, 1 Pet. 213; Durgand v. Ireland, 4 Kern. 322; Bowdoin v. Coleman, 3 Abb. 431.

Since the law permitted McPherson to assign his interest, and the assignment was legal and fair, it could not make that assignment enure to pass Anderson's interest which it did not permit him to assign, nor could it fix any penalty on McPherson for exercising a lawful right. The Missouri statute has virtually enacted that any party to a suit may assign his interest in it, and has defined the consequences that attach on such an act, viz., that the suit may go on in the name of the assignor, or the assignee may be substituted, and this is all—R. C. 1855, § 24, p. 1275.

Once the law was such, that when two plaintiffs joined in an action, both must recover or none—1 Chit. Pl. 56. The action was a unit, and could not be divided. But now the

law is changed : one plaintiff may have judgment, while another fails; and judgment may be rendered in favor of one defendant, and against another defendant—G. S. 1865, § 2, p. 680.

The assumption of the plaintiff, that an assignment by McPherson of his interest defeated Anderson's suit, has therefore no foundation. It could not even defeat McPherson's action ; but the judgment of record would be for the benefit of the assignee. If, however, the court had dismissed the suit as to McPherson, Anderson was nevertheless entitled to his judgment for half the claim. If Anderson saw proper he could have renewed his action in his own name, or he could have appealed from the judgment by which his suit was dismissed.

HOLMES, Judge, delivered the opinion of the court.

It appears that William H. Pritchartt was the holder of certain notes secured by a deed of trust on a steamboat ; that Lewis A. Welton as principal, and Nicholas Springer and Thomas M. Wannell and others as sureties, executed a bond to Pritchartt, in consideration that he would release the boat, conditioned that they would pay the notes at maturity ; that the notes and bond were assigned by Pritchartt, after maturity of the notes, to John J. Anderson and the defendant McPherson, who instituted suit upon the bond against the the obligors, and that, pending the suit, McPherson executed an assignment, with blanks for the names of the assignees, of all his interest in the bond and in the action, and delivered the same to an attorney of Springer and Wannell; and there was conflicting testimony upon the question of fact whether their names were agreed to be inserted in the blanks as assignees. The blanks were in fact filled with their names and the assignment was delivered to them. It was alleged that this transfer was wrongful and fraudulent as against Anderson, and defeated his right to recover in the suit on the bond ; and it is averred that afterwards Anderson transferred his interest in the matter, and his right of

action against McPherson, to the plaintiff; and the plaintiff prays judgment for damages against the defendant to the amount of one half the notes aforesaid.

The court instructed the jury for the defendant, that if the blanks were filled up with the names of Springer and Wannell against the consent of McPherson, they would find for the defendant. Instructions were refused for the plaintiff, to the effect that he was entitled to recover on the case made. The verdict was for the defendant.

The case may be determined upon the question of the effect of the assignment of the interest of McPherson in the cause of action. This interest was clearly assignable. It was a chose in action arising out of contract—R. S. 1855, p. 1217, § 1. Where the right of action on a covenant by two persons was indivisible and could not be assigned in part, and the plaintiff had assigned his interest as against one of the defendants, it was held that the right of action still remained in the plaintiff—Lyon v. Lyon, 4 Bibb. 438. The assignment by McPherson did not extinguish the cause of action—Ellege v. Straughan, 2 B. Mon. 82; Bank v. Trimble, 6 B. Mon. 599. On the part of the defendants Stringer and Wannell, it amounted to no more than a payment by them of one half of the demand. As to the bond sued on, it was to be considered, not as an assignment of the instrument itself, but as an equitable assignment of the interest of the assignor in the proceeds of the suit. Such assignments are good in equity—Field v. Mayor, &c., 2 Seld. 179; Hinkle v. Wanger, 17 How. (U. S.) 368. The assignee might sue in his own name—Dobyns v. McGovern, 15 Mo. 662. The defendants could not avail themselves of the plaintiff's want of interest—Labeaume v. Sweeny, 17 Mo. 154. If the transfer had been the consequence of the death or other disability of the party, the legal representatives might have been substituted as plaintiffs; and the statute provided that in case of transfer of any interest otherwise than by death or such disability, the action might be continued in the name of the original party, or the court might allow the person to whom

the transfer was made to be substituted as plaintiff in the action—R. S. 1855, p. 1275, § 24. Here the assignees were already parties defendant, and there was no need of any substitution of other parties. The suit might have proceeded in the name of the plaintiffs. The assignment may have been a good defence, so far, to the action by way of payment; but the other half might have been recovered to the use of Anderson. Under the practice act, there would have been no difficulty in the matter of the judgment to be rendered. The court could give judgment for or against one or more of the plaintiffs and determine the ultimate rights of the parties on either side—R. S. 1855, p. 1278, § 2. It was therefore wholly immaterial whether the interest of McPherson in the cause of action had been effectually transferred or not, and there was no error in the instruction given for the defendant. For the same reasons, the instructions for the plaintiff were rightly refused. The verdict was final upon the matters of fact. The party had a lawful right to assign his interest in the matter, and there was no ground of damages against the defendant.

The judgment appears to have been given for the right party, and will be affirmed. The other judges concur.