71  285
97  321
71   285
101a  210

### TURNER, *Appellant*, v. DRAKE.

Fraudulent Ballots, Statute Against: CHARACTER OF BALLOTS, A QUESTION OF FACT, NOT OF LAW. The design of the act of 1875 prescribing the form of ballots, (Sess. Acts, p. 51, § 1,) is to prohibit the use of any words in the caption to a ballot which do not truly indicate the political character or party affiliation of the persons to be voted for, and any ballot which represents, by the words used in the caption, that it is the ticket of one party, when, in truth and fact, the persons whose names are contained in the body of the ballot represent another and different party, is, under the statute, fraudulent and void.   Whether the caption truly indicates the political character of the ballot is a question of fact, upon which the finding of the lower court will not be reviewed by this court.

*Appeal from Carroll Circuit Court.*—HON. E. J. BROADDUS, Judge.

AFFIRMED.

*L. H. Waters* and *Hale & Eads* for appellant.

The record shows that there was a democratic State and county ticket and a greenback county ticket upon which no names appeared as candidates for treasurer and prosecuting attorney.   The names of two gentlemen who were independent candidates for those offices were printed upon the ballots in question, with the word " independent" opposite each name.   This nondescript was tacked to the state republican ticket, and over all was the caption " republican," " independent," " greenback."   Did that caption " express the political character of the ballot?"   The state ticket was republican, the county ticket was not.   The county ticket was greenback, the state ticket was not.

The use of the name "republican" in the caption was clearly without authority.

*R. D. Ray* and *M. C. Shewalter* for respondent.

NORTON, J.—This is a proceeding instituted in the county court of Carroll county, contesting the election of defendant as recorder of deeds of said county. The county court quashed the notice of contest on the motion of defendant, from which action plaintiff appealed to the circuit court, where, upon a trial *de novo*, judgment was rendered for defendant, the notice of contest quashed and the proceeding dismissed, from which plaintiff has appealed to this court.

The only ground for contest alleged in the notice is that all the ballots cast for defendant at the election which was held on the 5th day of November, 1878, were fraudulent and void, because the caption of said ballots contained the words : " Republican, Independent, Greenback." The following is the form of the ballot as to State and county officers : " Republican, Independent, Greenback—Supreme Judge, Alexander F. Denny ; Superintendent of Public Instruction, Roderick Baldwin ; Register of Lands, Wm. N. Norville ; Railroad Commissioner, John P. Tracy ; for Congress, —— —— ——. County ticket—Representative, Thomas H. Ballew ; Circuit Clerk, Joseph H. Oatman ; County Clerk, Josiah Farrington ; Recorder of Deeds, James E. Drake ; Sheriff, Charles A. Scott ; Collector, Henry B. Turpin ; Treasurer, (Independent,) J. S. Plunkett ; Assessor, George Vaughn ; Judge at Large, Wm. A. Prosser ; Judge, Eastern District, William Kimble ; Judge, Western District, William Renzleman ; Prosecuting Attorney, (Independent,) T. J. Whiteman ; Coroner, Dr. John Logan."

The claim that the ballots cast for defendant, of which the foregoing is a type, were fraudulent and void, is based upon section 1, Acts of 1875, page 51, which is as follows :

" Each ballot may bear a plain written or printed caption thereon, composed of not more than three words, expressing its political character, but on all such ballots the said caption, or head lines, shall not, in any manner, be designed to mislead the voter as to the name or names thereunder. Any ballot not conforming to the provisions of this act shall be considered fraudulent, and the same shall not be counted."

We cannot, from the mere face of the ballot, declare, as a matter of law, that the words used in the caption were, in any manner, designed to mislead the voter as to the name or names thereunder. The words employed would indicate to the voter that he would find among those to be voted for republicans, greenbackers and independents, or persons who were candidates without any party indorsement. We think the evident purpose of the Legislature in the above enactment was to prevent one political party from using, as a caption to its ballots, the name of any other political party, while the persons to be voted for, whose names are inserted in the body of the ballots, belong to a different party from that mentioned in the caption. A ballot with a caption using the words " The Republican Ticket," which contains only the names of persons who represented the democratic ticket, would fall within the class of ballots interdicted by the law.

The design of the statute is to prohibit the use of any words in the caption to a ballot which do not truly indicate the political character or party affiliation of the persons to be voted for, and any ballot which represents, by the words used in the caption, that it is the ticket of one party, when, in truth and fact, the persons whose names are contained in the body of the ballot represent another and different party, is, under the statute, fraudulent and void. We cannot, as a matter of law, declare that the ballots in question, upon their face, are fraudulent and void, because we cannot know until the fact is disclosed by evidence that the political character of the persons whose names are in

the body of the ballots is not truly indicated by the words used in the caption. The question as to whether the words in the caption of the ballot truly indicated its political character, is one of fact to be determined by the evidence, and as the court, to which this question was submitted, without a jury, after hearing all the evidence, found, as a fact, that the caption to the ballots in question was not, in any manner, designed to mislead the voters, and in fact did not mislead them, its finding is conclusive, it not being the province of this court to weigh the evidence or disturb the judgment on the ground that it is against the preponderance of evidence. *Steinberg v. Gebhardt*, 41 Mo. 521; *Blumenthal v. Torini*, 40 Mo. 159; *Gillespie v. Stone*, 43 Mo. 351.

This view of the case renders it unnecessary to consider the question presented as to the sufficiency of the notice of contest, as the court, after hearing all the evidence, determined that the notice did not state any valid ground for the impeachment of the ballots therein mentioned. Judgment affirmed, with the concurrence of the other judges.