GUMM, *Appellant*, v. HUBBARD.

| 97 | 311 |
| 104 | 668 |
| 97 | 311 |
| 111 | 64 |
| 111 | 75 |
| 97 | 311 |
| 130 | 631 |
| 97 | 311 |
| 134 | 354 |
| 134 | 361 |
| 97 | 311 |
| 140 | 412 |
| 97 | 311 |
| 154 | 615 |
| 154 | 616 |
| 97 | 311 |
| d155 | 85 |
| 97 | 311 |
| 101a¹¹ | 210 |

1. **Contested Election:** NOTICE. Under Revised Statutes, section 5528, it is not necessary, in a contested election case, to set out the names of the voters where the ground of contest does not go to their qualifications ; it is sufficient to state the grounds of the contest.

2. **Election:** FRAUDULENT BALLOT. Under Revised Statutes, section 5493, a ballot is fraudulent, without regard to intent, when it has thereon any writing or printing other than the names of the persons voted for, words designating the offices to be filled, substituted names, and a caption expressing truly its political character.

3. ———— : ————. Where a county court orders that the stock law be voted upon at a general election, the vote for or against it may be written upon the general ballots cast thereat. And the fact that the order is void does not render the ballots fraudulent under Revised Statutes, section 5493.

4. ———— : BALLOT : EVIDENCE. Effect should be given to the will of electors, and circumstances surrounding an election may be given in evidence, on an election contest, to explain ambiguities in the ballots.

5. ———— : ———— : CASE ADJUDGED. Where there are but two candidates for an office, their names being so unlike that there is no danger of confusion between them, and the election is confined to the county wherein they resided, and the voting population is largely German, a court may well find that ballots cast for "J. D. Hubba," "J. D. Huba," "Huber," "J. D. Hub," and "D. Huber" were intended for "J. D. Hubbard," and there would be no error in counting them for him.

6. ———— : ———— : PRESUMPTION. Where an election is held by duly appointed officers, the presumption is the votes they received and counted are legal ; and it devolves upon him asserting their illegality to show it.

7. ———— : ———— : ———— : EVIDENCE. It is not sufficient proof of the invalidity of a vote to show that the person who cast it is of foreign birth, or that he had declared his intention to become a citizen of the United States more than five years before the election. The presumption of innocence is not overcome by such proof, without more.

8.  **Alien:** MINOR CHILD : NATURALIZATION OF PARENTS.  The minor child of an alien, although born out of the United States, if dwelling within the United States at the time of the naturalization of his parents, becomes a citizen by virtue of such naturalization.

9.  ———— : ———— : MARRIAGE OF MOTHER.  Where a widow and her son, both of foreign birth, came to the United States ; and, during the son's minority, his mother married a citizen of the United States, such marriage made both mother and son citizens.

10.  **Election :** VOTE CAST AFTER CLOSE OF POLLS.  A vote cast after the close of the polls is illegal even though it be cast by a judge of the election.

11.  **Contested Election :** APPELLATE PRACTICE.  The supreme court will not determine disputed or doubtful questions of fact in contested election cases.  Where the evidence is such that the circuit court might have found for either party, and there is simply a general finding for the contestee, no instructions being asked or given and the judgment is in accordance with correct principles of law, it will be affirmed.

*Appeal from Morgan Circuit Court.*—HON. E. L. EDWARDS, Judge.

AFFIRMED.

*B. R. Richardson, R. F. Walker, A. L. Ross, D. E. Wray, A. W. Anthony, Jno. D. Bohling* and *Draffen & Williams* for appellant.

(1)  Contested elections are triable by the court in a summary manner without formal pleadings.  A jury trial cannot be demanded.  R. S. 1879, sec. 5532 ; *Pedigo v. Grimes*, 11 West. Rep. 341, and cas. cit.  In such cases, parties are not required to ask declarations of law.  The whole case will be reviewed by the appellate court.  It is only in jury trials, or where the court sits as a jury, that instructions are necessary to preserve questions of law.  R. S. 1879, sec. 3655 ; *Erskine v. Lowenstein*, 11 Mo. App. 595 ; *Belden v. Ravlin*, 11 West. Rep. 707.  (2)  The appellant objected to the introduction of evidence in regard to the "stock law" ballots, and stated specifically the grounds of his objection.

The court took the matter under advisement and never specifically disposed of the objection. The appellant did everything in his power to exclude this evidence and to preserve his objection to its introduction. The failure of the court to pass upon the objection must, for the purposes of a review in this court, be treated as a refusal to sustain it. It should be treated as if the evidence was admitted over the appellant's specific objection. *Vastine v. Wilding*, 45 Mo. 89; *Karriger v. Greb*, 42 Mo. 44. (3) The court should have excluded the evidence, tending to show that the ballots for appellant, in five precincts, contained, in addition to the vote for state and county officers, a vote upon the stock law. (4) The contestee's notice is insufficient to authorize him to take advantage of the re-count. *Shields v. McGregor*, 91 Mo. 534. (5) The votes for " J. D. Huba," " J. D. Hubba," " Huber," " J. D. Hub," and " D. Hubar," should not be counted for respondent. They were included in the official canvass for him. *Newton v. Newell*, 26 Minn. 529. (6) Three minors voted for Hubbard. In the case of two, there is no dispute whatever in the evidence. In the other, the father and mother both say that the party was a minor. (7) Two voted for Hubbard and two voted for Gumm, out of their respective townships. The complaint, by contestee, that Theo. Colvin and B. D. Baxter voted out of their respective townships, is not sustained by the evidence. (8) The evidence in case of non-residents is conflicting. Here is to be found the only real conflict in the testimony. The facts in all the other cases, or nearly all, are absolutely undisputed. As shown by our statement and abstract, we do not think either party is entitled to any gain upon this ground. (9) The vote of J. S. Madole should not be rejected. The time of closing the polls and of opening same is directory only. *People v. Cook*, 8 N. Y. 67. (10) It was competent for the contestant to show that the parties were

well known by the names by which they were challenged, and that they voted under those names; that "Young" was the English translation of the German name "Junge," and that the parties were known by one name as well as the other; that "Ingwer Johansen" voted as Joseph Hansen and was known by that name. (11) The unsworn declarations of the voters, Griffin, Freiss, Muldoon, and Jones were not competent evidence against the contestant. *Graves v. Gordon*, 3 Brevard, 245; McCrary on Elections, sec. 270.

*Wm. S. Shirk*, *Edwards & Davison* and *Nelson & Spurlock* for respondent.

(1) It is immaterial whether a jury might have been demanded or not. In considering all questions of fact, the court exercises the functions of a jury, and its finding upon the facts is equally conclusive, and will not be disturbed by this court, if there is any evidence to support the finding. *Turner v. Drake*, 71 Mo. 285. (2) In order to enable the appellate court to determine upon what theory of the law the trial court's findings of fact were made, the parties should ask proper declarations of law. *Gaff v. Stern*, 12 Mo. App. 115; *Methudy v. Ross*, 81 Mo. 481; *Harbison v. School District*, 89 Mo. 184. And in no other way can errors of law of the trial judge be reviewed. *Cunningham v. Snow*, 82 Mo. 587; *Lee v. Porter*, 18 Mo. App. 377. (3) Defendant might have asked declarations of law. If he had so done, and the court had refused or neglected to pass upon them, it would have been equivalent to a refusal of them, and this case would have been open to review upon the law. As it now stands, there being abundant evidence on which to base the findings of fact, and no declarations of law having been asked, there is nothing for this court to review. (4) The finding of the lower court was, "that the evidence in said cause does not satisfy the court that the majority of the legal votes

cast at said election were cast for said Gumm for said office. The court, therefore, finds the issue in said cause for the contestee." The issue, in the largest sense, was, which had received a majority of legal votes cast at said election. This, so far as the allegations of contestant's notice is concerned, depended entirely on the facts therein alleged, and which were denied in contestee's notice. The finding of the court settled all these questions in contestee's favor, and this finding should not now be disturbed. *Belden v. Ravlin*, 14 N. E. Rep. 38. (5) The allegations of contestee's notice are sufficiently specific to admit of the introduction of evidence showing that ballots for appellant in five precincts had written upon them certain writing and written words other than the designation of offices to be filled, and other than substituted names of persons voted for. The allegation is in the words of the statute. R. S. sec. 5493. The caption or head-lines are provided for by that section, and are a part of the ballot, and it was not necessary to set out what the writing or written words were, or that it was not the caption which was referred to. It is sufficiently specific, as the statute does not permit any writing or printing thereon, except, etc.—not "any that might be misleading." *Ledbetter v. Hall*, 62 Mo. 422; McCrary on Elec., secs. 283, 343. (6) The order of the county court submitting the adoption of the stock law in five congressional townships was void. The petition came from five congressional townships. Upon this petition the county court had no authority to act, and its order was void, and did not authorize any writing or printing on the ballot other than that authorized by section 5493. Acts 1885, p. 29. The only townships recognized by our statutes are municipal townships. R. S. 1879, secs. 7426, 7427, 7428. A ballot which has on it any writing or printing not expressly allowed by section 5493, or some other statute, "shall be considered fraudulent and the same shall not

be counted." This is mandatory. *West v. Ross*, 53 Mo. 351. (7) The contestant's notice is not sufficient to enable him to take advantage of the five votes which were counted for Hubbard in the official returns, on which his name was written "J. D. Huba," "J. D. Hubba," "J. D. Hub" and "D. Hubar." *Shields v. McGregor*, 91 Mo. 534. (8) Where it can be ascertained from the ballot for whom the voter intended to vote, the courts will count the vote as intended, notwithstanding the defects in writing or spelling the name of the candidate voted for. *State ex rel. v. Foster*, 38 Ohio St. 599 ; *The People ex rel. v. Kennedy*, 37 Mich. 67 ; McCrary on Elections, secs. 408, 409. And parol evidence may be resorted to as to whom the voter actually voted for. *People v. Love*, 63 Barb. 535 ; McCrary on Elections, sec. 410. (9) The vote of J. S. Madole should be rejected. It was cast after the polls had been closed, and the judges had been counting the ballots for about an hour.

BLACK, J.—This is an election contest between Caleb Gumm and Joel D. Hubbard, who were candidates for the office of county clerk of Morgan county at the election held on the second of November, 1886. The official count gave Hubbard 1103 and Gumm 1096 votes, a majority of seven for Hubbard. After Gumm gave notice of contest, Hubbard gave a like notice, and the circuit court gave judgment for Hubbard, the contestee.

1. Gumm, the contestant, objected to the introduction of any evidence in support of a part of contestee's notice. The court did not pass upon the question at the time, but took it under advisement until the close of the case, and the record does not show that any ruling was then made upon the objection. The objection, however, was not well taken. The part of the notice, to which the objection was made, states that at a designated precinct twelve persons, giving their

names and the number of their ballots, voted for Gumm and that the ballots were counted for him; "that each and all of said ballots had written upon them certain writing and written words other than the designations of the offices to be filled, and others that substituted names of persons voted for; wherefore said ballots were illegal and fraudulent and should not have been counted." The same part of the notice goes on to make a like charge as to votes at other designated precincts, omitting, however, the names of the voters and numbers of the ballots.

Section 5493, Revised Statutes, provides: "Said ballot shall not bear upon it any device whatever, nor shall there be any writing or printing thereon, except the names of persons, and the designations of the offices to be filled, leaving a margin on either side of the printed matter for substituting names. Each ballot may bear a plain written or printed caption thereon, expressing its political character, but on all such ballots the caption or head-lines shall not, in any manner, be designed to mislead the voter as to the name or names thereunder. Any ballot not conforming to the provisions of this chapter shall be considered fraudulent, and the same shall not be counted." By section 5528, "the notice shall specify the grounds upon which the contestant intends to rely, and, if any objection be made to the qualifications of any voters, the names of such voters and the objections shall be stated therein." Since this ground of contest does not go to the qualifications of the voters, it was not necessary to set out their names; it was sufficient to state the grounds of the contest.

The objection to the sufficiency of the notice is, that it does not appear from the facts stated that the ballots were fraudulent. It is not contended that the notice should set out the words which it is claimed render the ballots fraudulent, but it is insisted that there is not enough stated to show that the ballots were

fraudulent.    Section 5493 furnishes an absolute rule of evidence.    It makes the ballot fraudulent, without regard to intent, when it has thereon any writing or printing other than that specified.    It may have written or printed thereon the names of the persons voted for, words designating the offices to be filled, substituted names, and a caption expressing truly its political character; but it is fraudulent if it bears any other writing or printing.    It is true, the notice does not, in express terms, state that the "writing and written words" were other than a caption or head-lines.    But the notice conveys the idea that the ballots, besides being full and formal, had written thereon other and additional words. The notice might have been more specific, but it is to be remembered there are no formal pleadings in these cases.    The notices, on the one side and the other, constitute the only pleadings.    Section 5532, Revised Statutes, provides that:    "Every court authorized to determine contested elections shall hear and determine the same in a summary manner, without any formal pleadings."    The contestant did not present this question until he had put in his own evidence, and then, not by way of a motion to strike out this part of the notice, but by way of an objection to the introduction of any evidence.    In view of all of the foregoing considerations, we are of the opinion that there would have been no error in overruling the objection thus made by the contestant.

We, however, agree with the contestant that the proof, offered by the contestee, furnished no reason for excluding the ballots.    It shows that, prior to the election, the county court made an order submitting to the electors the question whether the stock law should be put in force.    Many persons wrote upon their ballots words expressing their vote for or against the law, and these are the words which the contestee insists rendered the ballots fraudulent.    Had the order of the county

court been a valid one, then it is conceded that the vote for or against the stock law might have been written upon the general ballot; and so we held in *Applegate v. Egan*, 74 Mo. 259.

But the contestee insists that the order of the county court was void, because it was made upon the petition of householders of five or six congressional townships, and not upon the petition of householders of five or more municipal townships. Let it be conceded that the act of March 31, 1885 (Acts of 1885, p. 29), when it speaks of five or more townships, means municipal and not congressional townships, and that the order of the county court was a void order; still it does not follow that these ballots were fraudulent. To say that they were fraudulent is to make section 5493 a snare to entrap the unsuspecting voter; that is not its purpose. The order for the vote was made by the court having power to make it, on a proper petition, and so far as the balance of the ticket before the electors is concerned, it is wholly immaterial whether the order was void or valid. The voter was not, at the peril of losing his entire vote, called upon to investigate the validity of the order.

2. After this contest had been commenced each party, at different dates, procured a writ under the act of March 27, 1883 (Acts of 1883, p. 91) commanding the clerk of the county court to open and re-count the ballots. Both of these re-counts gave Hubbard a majority of twelve. This increase is due to the fact that in the re-counts one vote for " J. D. Huba," one for " J. D. Hubba," one for " Huber," one for " J. D. Hub " and one for " D. Huber " were counted for contestee. Effect should be given to the will of the electors, and it is now generally agreed that the circumstances surrounding the election may be given in evidence, on an election contest, to explain ambiguities in the ballots. McCrary on Elections, sec. 396 ; Cooley on Const. Lim. 611 ; 6 Am.

& Eng. Ency. of Law, 431. There were but two candidates for this office, and their names are so unlike that there is no danger of confusion as between them. The election, as to these candidates, was local, confined to the county where they resided, and the voting population seems to have been largely German. Under the evidence the court might well have found that these ballots were for the contestee, and there would have been no error in counting them for him. Whether the court did or did not count them for him does not appear from this record.

3. Each party to this contest insists that the other received a large number of votes which should be excluded, because the persons casting them were not citizens of the United States, and had not declared their intentions to become citizens not less than one nor more than five years before the election in question. In looking at these questions of fact, it is to be remembered that this election was held by duly appointed officers who received and counted the votes to which objection is now made. The presumption is, that the votes were legal and it devolves upon the party who asserts their invalidity to show that they are illegal. It is not sufficient proof of the invalidity of a vote to show that the person who cast it is of foreign birth, nor is it sufficient to show that he made declaration of his intention to become a citizen of the United States at a date more than five years before the date of the election in question. The presumption of innocence is not overcome by such proof, without more.

Again, the minor children of aliens, though born out of the United States, if dwelling within the United States at the time of the naturalization of the parents, become citizens by virtue of the naturalization of the parents. *State ex rel. v. Andriano*, 92 Mo. 71. The record discloses a case where a widow and her son, both of foreign birth, came to the United States; and while the son was yet a minor, the mother married a citizen of

the United States. Section 1994, Revised Statutes, United States, declares that : "Any woman who is now or may hereafter be married to a citizen of the United States, and who might herself be lawfully naturalized, shall be deemed a citizen." The marriage of the mother with a citizen made her a citizen, and her minor son became a citizen by operation of section 2172, Revised Statutes, United States. *United States v. Kellar*, 11 Bissell, 314.

Applying these rules to the evidence and the admissions made by the parties on the one side and the other, it appears that Hubbard received twenty-eight votes cast by persons who were not qualified voters by reason of alienage, and Gumm received nine such illegal votes. Hubbard received at least one and Gumm seven other votes which must be excluded, because the persons casting them were disqualified, either by reason of minority, or because not residents of the state one year, and of the county for sixty days preceding the election, or because they did not vote in the township where they resided. In the foregoing estimate of illegal votes cast for Gumm is included one vote of one of the judges of the election who did not cast it until long after the polls had been closed. The polls, when closed, are closed to the judges as well as to other persons.

4. The result of the foregoing consideration is that Gumm has a majority of one. But there are a dozen or more other votes to which objections are made on the ground of minority, want of citizenship, want of sufficient residence in the state or county ; and the evidence is such that the court might well have found for either party. It is not the province of this court to determine disputed or doubtful questions of fact in these contested election cases any more than in other actions at law. *Turner v. Drake*, 71 Mo. 285. There are no specific findings, but simply a general finding for contestee. No

instructions were asked or given on the trial, and we have said enough to show that the judgment is in accord with correct principles of law, and it is, therefore, affirmed. All concur.