# CHARLESTON.

## NORTON v. KANAWHA COUNTY COURT.

Submitted January 10, 1917.     Decided January 17, 1917.

1. EVIDENCE—*Materiality.*

In a proceeding to ascertain the identity of the person voted for in an election, it is competent, when necessary, to show by proof the facts and circumstances pertaining to the election, including the nominating convention or primary,. the correct name of the candidate, his eligibility and residence within the territorial division or subdivision in which if elected he will perform the duties of the office; whether on the ballot to be· used therein his name appears as certified to the printer as required by law; and whether any other person of the same or a similar name was nominated or voted for the same office and possesses the requisite consti-

tutional or legislative official qualifications to hold such office. This proof is admissible only to the extent it tends to establish the identity of the candidate and with substantial accuracy the preference of the voter as indicated by the ballot he casts.    (p. 433).

2.   ELECTIONS—*Ballots—Intention of Voter.*

Where such identity and intention may so be ascertained, the ballot can not be ignored or disregarded merely because of the unauthorized or inadvertent substitution of a false for the true initial letter of the candidate's surname, or the wrong initial of his Christian name, or of other slight alterations therein, unless thereby the ballot fails to reveal with reasonable certainty the real intention of the voter.    (p. 435).

3.   SAME—*Ballots—Disregarding.*

Slight errors or irregularities on the part of one charged with the duty of preparing official election ballots will not be permitted to defeat the real intention of the voter, if such intention may be determined with reasonable certainty from the ballot cast by him in the light of the surrounding circumstances.    (p. 436).

4.   SAME—*Ballot—Rejection.*

The mere inadvertent alteration in the name of a candidate can not so operate, unless the alteration renders doubtful or ineffectual the designation of the candidate intended by the voter.    (p. 436).

Original petition by E. B. Norton for writ of mandamus against the County Court of Kanawha County.

*Writ awarded.*

*Donald O. Blagg,* for petitioner.

LYNCH, PRESIDENT:

Upon the facts alleged in the petition, supported by affidavits and not controverted, the question for determination is whether the county court, or the several members thereof, may by mandamus be compelled to permit the petitioner to qualify as justice of the peace of Cabin Creek district under the certificate of election issued to him as the person elected to that office.

At the time of and since the June primary, E. B. Norton was and still is a resident of Cabin Creek district, and as such eligible and qualified to discharge the duties of the office, and was nominated as one of the two candidates of the Democratic party in the primary; and although his name

was properly certified to the board of ballot commissioners, and by that board to the printer selected to print the ballots to be used by the electors in the general election, his name by inadvertence was printed on the ballot as E. B. Morton instead of his true name. According to the affidavits filed, many of the voters observed this defect; but, fearing lest their votes might not be counted for any candidate, if they should change the name as printed on the ballot to express their intention, they voted for E. B. Norton under the name as it appeared thereon. By that name he claims he was elected as one of such justices. No other person having the same or a similar name, or known as E. B. Norton, resided in the district, or was nominated or eligible or qualified to fill the position of justice therein at or near the time of the primary or the general election, or before or since such elections; nor did any other person of that name receive a certificate of election issued by the county court, or by the individual members thereof, acting as a board of canvassers pursuant to the provisions of chapter 3 of the Code, or claim the right to qualify before the court as such officer.

On the canvass of the returns of the election by the county court, the candidates of the Democratic party, Brennan and Norton (the latter by the erroneous name Morton) received a majority of the votes cast for justices of the district, and certificates of election therefor accordingly were issued and delivered, one to P. L. Brennan, the other to E. B. Norton, although his name appeared misspelled on the ballots polled in the general election. But E. B. Norton alleges the certificate of election so issued to him, together with an oath of office duly executed by him, and the bond required by law were presented by him to the county court, with a request that they be accepted and that he be permitted to enter upon the lawful discharge of the duties of the office. This motion and request the county court denied, basing its refusal solely upon the ground that the voters had not cast their votes for him. Neither the court nor any of its members raised any objection to the form or sufficiency of the oath or bond so tendered.

To the alternative writ no return has been made by the

county court or by any of its members, all of whom are
parties to the petition and were duly served with the alter-
native writ; wherefore the relator moves this court to award
the peremptory writ to compel the defendant county court,
Grant Copenhaver as its president, and M. P. Malcolm and
Lawrence Christy as commissioners thereof, to approve the
official bond presented by the petitioner as justice of the
peace of Cabin Creek district, and to permit him to qualify
as such justice and enter upon the discharge of the duties
of said office.

In determining the propriety of awarding the compulsory
process, it is competent to ascertain by proof, when contro-
verted, whether the relator was a candidate regularly nomi-
nated by his party for the position to which he alleges he
was elected; and, if so, whether any other person of the same
or similar name resided within the territory and was a candi-
date for the same office, and, if so, whether he was eligible
to fill the office or had also been nominated therefor within
the district; and if a ballot had been printed imperfectly or
inadvertently, or changed so as to be defective. This proof
is admissible to show the circumstances surrounding the
election, for the purpose of ascertaining with substantial cer-
tainty the intent of the elector in casting his ballot. Cooley,
Const. Lim. 919; 9 R. C. L. 1123. Where such intention may
be ascertained with reasonable accuracy, by the application
of the rule stated, that intention ought not to be defeated
merely by the unauthorized substitution of a false for the
true letter in the name of a candidate, or a wrong initial of
his name, or some other slightly different appellation, unless
it more nearly approximates or represents the name of an-
other candidate for the same office. *Down* v. *McClelland*,
76 Ia. 479. The ballots polled in an election should be ac-
cepted in view of all the facts and circumstances involved in
the preliminary and subsequent proceedings, including the
nominating convention or primary, for the sole purpose of
ascertaining, so far as may be with accuracy, the intention
of the voter, and, when ascertained, to give effect to that in-
tention. The rule of liberal interpretation is especially ap-
plicable in cases of this character, whatever may be the nature

of the contest, in order to render effective rather than ineffectual the preference of a voter when expressd or indicated by the ballot he casts. McCrary on Elections 393; *Johns* v. *Hubbard,* 97 Mo. 311. Mere irregularities or slight errors on the part of an officer charged with the preparation of official ballots will not destroy the efficacy of the ballots, nor invalidate the election. 15 Cyc. 352. The negligent or unauthorized act of the officer whose duty requires him to print the ballots as they are certified to him by the proper authority will not deprive the elector of the right to cast his ballot and to have the same counted for the candidate of his choice, nor the successful candidate to enjoy the benefits and perform the duties of the office. The mere inadvertent alteration of a letter in the name of a candidate can not have that effect, unless the printed or substituted name so materially differs from the true name as to render the ballot wholly ineffectual, or so defective as a designation of the candidate nominated and intended by the voter. Such diversity between the name certified and the one printed on the official ballot is not sufficient to defeat the right of E. B. Norton to qualify as a justice and enter upon the discharge of the duties of the office, under the rule announced by Judge Cooley, re-enforced in *Attorney General* v. *Eli,* 4 Wis. 438, and reiterated in *Johns* v. *Hubbard, supra.* Such an irregularity on the part of election officers, or their omission to observe some merely directory provision of law, or the failure of the printer to print the ballots as they are certified to him, ought not to vitiate the polls and deprive the elector of the right to express his preference between candidates for any office, except where the defect is such that it can not be determined for whom the elector intended to cast his ballot. *Anderson* v. *Winfree,* 85 Ky. 597. But it must be made to appear, by those claiming the benefit of the election, that such irregular conduct or departure from legal requirements has not prevented an honest and fair election as between contesting candidates. *Fowler* v. *State,* 68 Tex. 30.

These legal principles, when applied to the uncontroverted facts of this case, make it clear that no person named or known as E. B. Morton resided in the same district, or was

a candidate for the office of justice of the peace therein, or aspired to that position, or was eligible or qualified to fill the office, or claimed to qualify as such; and that E. B. Norton was known and recognized as the candidate of his party for that position in the district, actively canvassed the district in his behalf, and that the board of canvassers who issued the certificate of election to E. B. Norton delivered it to E. B. Norton. Their failure to make return to the rule awarded and duly executed on them, and the proof taken in support of the averments of the petition, lead to the conviction that E. B. Norton was the candidate duly elected to discharge the duties of the office, and justify the award of the writ to require the county court to permit him to qualify as such officer, in obedience to the expressed will of the legal voters voting upon that subject.

The writ prayed for is awarded.

*Writ awarded.*