## The People vs. S. C. Brewster.

The act prohibiting the carrying on of banking business by individuals and incorporated companies unless specially authorised by law, does not preclude individuals or corporations, if otherwise authorised, from lending their funds upon promissory notes by way of discount or otherwise; the evil intended to be guarded against in the keeping of an office of deposit for the purpose of carrying on banking business.

This was an action of debt to recover a penalty of $1000 for an alleged contravention of the act prohibiting the carrying on of banking business by individuals and incorporated companies, unless specially authorised by law, tried at the Erie circuit in April, 1828, before the Hon. John Birdsall, then one of the circuit judges.

The provisions of the act are, "That it shall not be lawful for any person, association of persons or body corporate to keep any office of deposit for the purpose of discounting promissory notes, or for carrying on any kind of banking business or operations which incorporated banks are authorised by law to carry on, or issue any bills or promissory notes as

private bankers unless thereunto specially authorized by law;" and a penalty of $1000 is imposed for a contravention of the act. (Statutes, vol. 4, 242 c, passed 21st April, 1818.)

It was proved that the defendant was in the habit of discounting notes for various individuals, advancing money on the same, and taking discounts in advance; when the notes fell due, if desired, the defendant accepted renewals of the same; the money advanced by him on such notes was in bills of the "Washington Banking Company of New-Jersey," which were half per cent. below par. The mode of renewing a note was by paying the whole amount thereof in current money and receiving Washington Banking Company bills on the new note, deducting the discount. The notes thus discounted were generally made for the purpose of being discounted in consequence of a previous arrangement with the defendant. It further appeared that the defendant kept an office in the village of Buffalo as an *exchange broker,* and bought and sold uncurrent bank bills, drafts and bills of exchange; no witness testified that he received *deposits* of money. A publication of the defendant in a newspaper printed at Black Rock was read in evidence, the principal object of which apparently was to defend the "Washington Banking Company" against imputations upon its credit, and which contained a paragraph in these words: "I shall continue, as heretofore, to purchase these bills at each of my offices at half per cent. discount; and I pledge myself to the public to receive them at all times at par in payment of all notes due at my office, and also in *deposits.* Any further evidence of my own confidence in the money it is not in my power to give." The evidence on the part of the people being closed, the defendant moved for a nonsuit, which was granted by the judge, and which was now moved to be set aside.

*G. C. Bronson,* (attorney general,) for the people.

*H. R. Storrs,* for defendant.

*By the Court,* SUTHERLAND J. The plaintiff was properly nonsuited. The discounting of notes alone will not subject an individual or company to the penalty given by the act

under which this suit is brought. The first section provides, " That it shall not be lawful for any person, association of persons or body corporate, from and after, &c. *to keep any office of deposit* for the purpose of discounting promissory notes, or for carrying on any kind of banking business or operations which incorporated banks are authorized by law to carry on, *or issue any bills* or promissory notes, as private bankers, unless thereunto specially authorized by law." This is a penal act, and is to be construed strictly. It was not intended to prohibit individuals or corporations from lending their own proper funds upon promissory notes by way of discount or otherwise. The evil to be suppressed was unauthorized banking—the keeping of *an office of deposit for the purpose of carrying on any kind of banking business.* An office of deposit must be kept, and it must be kept for the purpose of discounting notes, &c. Where an office of deposit is kept by an individual or company who are in the habit of discounting notes, the fact that it was kept for that purpose would be sufficiently established. If the legislature had intended to prevent the discounting of notes absolutely, they would have said so in direct terms; they would have used the appropriate language for that purpose, as they have in the next number of the same sentence, where they prohibit the issuing of any bills or promissory notes by any individual or corporation as private bankers. They there change the phraseology and omit the particle *for* and use the verb *issue* instead of the participle *issuing* ; by which omission and alteration the connection of what follows, *with the keeping of an office of deposit*, in the commencement of the sentence, is broken, and the prohibition becomes absolute and unqualified.

The business of the defendant, as established by all the evidence, was that of an exchange broker, the buying of notes, uncurrent bills, bills of exchange, &c. There is no evidence that he ever received a cent in deposit, or that he ever solicited deposits, or was willing to receive them, except a single expression in a publication made by him in relation to the Washington Banking Company, in which he pledges himself to receive them at all times at par in payment of notes due at his office, and also in *deposits*. His mere readiness, for

special reasons, to receive the notes of this company in any manner certainly afforded no evidence of his keeping an office of deposit for the purpose of carrying on banking operations. The case of *The People* v. *Barton*, (6 Cowen, 290,) is in point.

Motion to set aside nonsuit denied.