THE STATE OF NORTH DAKOTA *ex rel.* MARSHALL C. GOODSILL, Plaintiff, *v.* THOMAS J. WOODMANSEE, Defendant.

1. **Constitutional Law — Section 27 of State Bank Act Valid.**

   Section 27, c. 23, Laws N. Dak. 1890, entitled "An act to provide for the organization and government of state banks," which prohibits all persons from doing a banking business in this state, except corporations which are organized under said chapter, examined and held to be constitutional. Said section does not contravene either § 1 of arti-

cle 1 of the state constitution or § 1 of the 14th amendment to the fedearl constitution.

**2. Same; Same; Police Power.**

Said § 27 is upheld as a proper exercise by the legislature of that branch of the internal police power of the state which relates to the public safety.

**3. Same; Same; Bill to Embrace but One Subject.**

*Held, further,* that said § 27 is not a violation of § 61 of the state constitution, which provides that "no bill shall embrace more than one subject, which shall be expressed in its title; but a bill which violates this provision shall be invalidated thereby only as to so much thereof as shall not be so expressed."

(Opinion Filed October 20, 1890.)

# *H*ABEAS CORPUS.

W. H. Francis and A. C. Davis, for plaintiff, filed a brief containing points and authorities without argument. Mr. Francis presented the case to the court in an exhaustive oral argument. The points and authorities were as follows: Section 27 of the State Bank Law of 1890 amounts to a palpable and arbitrary interference with the right of personal liberty: People v. Marx, 99 N. Y. 377; *in re* Jacobs, 98 id. 98; B. Un. Co. v. C. C. Co., 111 U. S. 146; Yick Wo v. Hopkins, 118 id. 356; People v. Common Council, 38 N. W. 470; Millett v. People, 117 Ill. 302 (S. C. 7 N. E. 631;) People v. Gillson, 109 N. Y. 389. Said section is utterly foreign to the purpose of the act as indicated by its title: Eaton v. Walker, 43 N. W. 638; State v. Houdley, 22 Pac. 99; Dolese v. Pierce, 16 N. E. 218; Donnersberger v. Prendergast, 21 id. 1; People v. Hamill, 17 id. 799.

George F. Goodwin, attorney general, for defendant, argued: That it is within the power of the legislature to restrict the right to engage in the business of banking: Morse on Banks, § 13; Bank v. Earle, 13 Pet. 519. That the law is not in conflict with the constitution of the United States: Slaughter House Cases, 83 U. S. 394; N. O. Gaslight Co. v. La H. & L. Co., 115 id. 650; Boyd v. Alabama, 94 id. 645. Similar acts have been sustained in other states. Rennington v. Forward, 7 Wend. 276; Attorney General v. Utica Ins. Co., 2 Johns. ch. 371;

State v. Stebbins, 1 Steward, 312; Austin v. State, 10 Mo. 591; Myers v. Irvine, 2 Serg. & R. 368. The provision of the constitution that "no bill shall embrace more than one subject," must receive a liberal construction: Cooley Con. Lim. 146; Johnson v. Higgins, 3 Metc. (Ky.) 566. " Where the title of the act expresses a general subject, all matters fairly and reasonably connected with it, and all measures which will or may facilitate its accomplishment, are proper to be incorporated in the act and are germane to the title." *In re* Knaust, 101 N. Y. 194; People v. Briggs, 50 N. Y. 553; *In re* Comrs. 10 Alt Rep. 363; State v. Judge, 2 Iowa, 280; State v. Cassidy, 22 Minn. 312; People v. Mahoney, 13 Mich. 481; City v. Huegele, 18 N. E. 172; People v. Blue Mountain Joe, 21 id. 923; Fahy v. State, 11 S. W. 108; Black v. State, 66 Ala. 494; Blood v. Mercelliott, 53 Pa. St. 392; Poffinbarger v. Smith, 43 N. W. 1150.

WALLIN, J. Defendant's return to the writ shows that the relator is detained in defendant's custody, as sheriff of Kidder county, by virtue of a certain warrant of commitment for the alleged offense of doing business as an individual banker, contrary to the provisions of § 27 of the act entitled " An act to provide for the organization and government of state banks." Chapter 23, Laws of N. Dak. 1890, p. 106. Section 27 of the act reads as follows: " It shall be unlawful for any individual, firm, or corporation to continue to transact a banking business, or to receive deposits for a period longer than six months immediately after the passage and approval of this act, without first having complied with and organized under the provisions of this act. Any person violating the provisions of this section, either individually or as an interested party, in any association or corporation, shall be guilty of a misdemeanor, and, on conviction thereof, be fined not less than five hundred (500) dollars, nor more than $1,000, or imprisonment in the county jail not less than ninety days, or either, or both, at the discretion of the court." The other provisions of the statute need not be quoted. For the purposes of this case, it will suffice to state that the statute contains thirty sections, which, taken together, provide fully and minutely for the organization and government of banking corporations in this state. By its terms, the business of con-

ducting banks of discount, deposit, and exchange is made an exclusive corporate franchise; and all other kinds of banks, whether conducted by individual firms or other corporations, are forbidden, under the penalties prescribed by § 27 of the act. The statute throws around the business of banking in North Dakota numerous restraints, checks, and regulations which do not exist at common law. Many, if not all, of the features of the statute were borrowed from the existing laws of the United States regulating the organization and government of national banks, and similar enactments have likewise been passed by the legislatures of many of the states.

While not assailing the whole act as unconstitutional, the relator contends that § 27, above quoted, so far as it concerns individuals or firms doing business without incorporation, contravenes both the federal and state constitutions. Counsel for relator cite §.1 of article 1 of the state constitution, and also §.1 of the fourteenth amendment of the constitution of the United States, and claim that the relator's constitutional rights and personal liberty, as secured by these organic acts, have been ruthlessly violated and taken away by § 27 of the statute, for the reason that the section, among other things, prohibits individuals from carrying on the business of banking in a private capacity, and punishes all who violate the prohibition. This contention of the relator was urged with great learning and ability by the eminent counsel representing the prisoner, but we find no support in the authorities cited for the relator for the contention. It is true that it has been held that the provision relative to personal liberty found in our constitution might be violated by the enactment of a statute which operated to deprive a citizen of the right to pursue a lawful trade or avocation. *In re* Jacobs, 98 N. Y. 98; People v. Marx, 99 N. Y. 377, 2 N. E. Rep. 29. But, on the other hand, it is conceded that the business of banking, by reason of its very intimate relations to the fiscal affairs of the people, and the revenues of the state, is and has ever been considered a proper subject of legislative control, and strictly within the domain of the internal police power of every state. As a matter of fact, we have been unable to find an authority, and we have searched diligently, which has ever

questioned the right of the legislature in the exercise of police power to regulate, restrain and govern the business of banking. The relator, however, complains that § 27 does not merely regulate; it goes further, and prohibits individuals from banking in a private capacity. But the prohibition of private banking necessarily results from the inauguration of a banking system for the state, in which the business is made an exclusive corporate franchise; *i. e.*, a business which can be carried on only by those who become incorporated, and are willing to subject their business to the restraints and safeguards found in the banking law under which they acquire the right to carry on such business. It would avail little, in our view of the matter, to provide salutary rules and wholesome safeguards for the business of banking when carried on by a corporation, if at the same time private persons, firms and corporations are permitted to carry on the business unhampered by such restrictions and safeguards. But, as a matter of precedent and authority, the legislative prerogative, in the exercise of its police power in promoting the public safety, not only to regulate and restrict the business of banking, but also to grant the right to one class, and to prohibit to others, or even to forbid it altogether, has never been questioned in the courts, and the legislatures of other states have frequently exercised the right of supreme control over the business.

Morse, in his treatise on Banking, (2d Ed. p. 1), uses the following language: "At common law the right of banking pertains equally to every member of the community. Its free exercise can be restricted only by legislative enactment; but that it legally can be thus restricted has never been questioned. After laws upon the subject have been passed, the business must be undertaken and conducted in strict accordance with all the provisions contained in them. It is not in its nature a corporate franchise, though it may be made such by legislation, and individuals may be prohibited from transacting it, either altogether in all its departments or partially in any specified ones. A law which forbids the carrying on of 'any kind of banking business' is a total prohibition against each particular department of the business, though conducted singly, and may be infringed equally

by exercising any separate one of the various banking functions as by exercising all." See, also, the following authorities: People v. Barton, 6 Cow. 290; People v. Insurance Co., 15 Johns. 358; People v. Brewster. 4 Wend. 498; Pennington v. Townsend, 7 Wend. 276; Hallett v. Harrower, 33 Barb. 537; Nance v. Hemphill, 1 Ala. 551; Austin v. State, 10 Mo. 591. It is clear from these citations that the matter of regulating and prohibiting private banking, and all banking not expressly authorized by law, is strictly within the legislative discretion, under that branch of the police power relating to the public safety, and that the courts will not interfere and declare such legislation unconstitutional as an evasion of individual rights.

The relator further contends that said § 27 is unconstitutional for the reason that it violates the provisions of § 61 of the state constitution, which reads as follows: "No bill shall embrace more than one subject, which shall be expressed in its title; but a bill which violates this provision shall be invalidated thereby only as to so much thereof as shall not be so expressed." Relator's contention is that § 27, in prohibiting and punishing private banking, does not relate to the subject-matter of the act as expressed in its title. There is absolutely nothing in this point. The subject of the law, as expressed in the title, is "State Banks;" but that subject includes and comprehends not only state banks, but all other banking in the state which is related to state banking. In creating state banks, and providing for their government, the law makes the business of banking a corporate franchise; and to prohibit and punish all other banking is, in our opinion, strictly auxiliary to that subject-matter. Similar constitutional provisions may be found in most, if not all, of the states, some of the states using the word "object" instead of "subject," as it appears in our constitution. This provision is intended to forestall what Judge Cooley denominates "log-rolling" legislation, and prevent legislation not fully understood by members of the legislature, as well as to prevent all surprises or misapprehensions on the part of the public. But it has been uniformly held that such provisions should receive a reasonable and not a technical construction, and that no matter should be held to invalidate a

statute so long as such matter related exclusively to the same subject, or was germane or auxiliary thereto. The provision has been before the court in numberless cases, and while the construction has been uniform, the application has covered so wide a scope of legislation, and subjects so variant, that the cases seem confused and inconsistent, and no great benefit can arise from a citation of authorities. But see, however, as fully sustaining our views in this case, the following authorities: Cooley, Const. Lim. (5th Ed.) 176; People v. Parks, 58 Cal. 635; Davis v. State, 61 Amer. Dec. 331, and note; Fahey v. State, 27 Tex. App. 146, 11 S. W. Rep. 108; O'Leary v. County of Cook, 28 Ill. 538; Allegheny County Home's Case, 77 Pa. St. 77. It is perfectly clear to us that the statute in question is vulnerable to neither objection urged against it. Relator is therefore remanded to the custody of the respondent, as such sheriff, to be held under the terms of his original commitment. All concur.