(83 N. W. Rep. 230.)

---

JOHN KADLEC *vs.* FRANK PAVIK.

Opinion filed May 16, 1900.

**Aliens—Presumption of Naturalization from Fact of Voting.**

Where a party is shown to be an alien, such alienage is presumed to continue until some evidence to the contrary is produced. But proof that such party voted in this country overcomes the presumption of alienage and raises a presumption of naturalization, as the law will not presume that the party committed an unlawful act.

**Proof that No Naturalization Papers Were Taken in County of Residence—Effect.**

Where a foreign-born person had been in this country for 10 years, and had resided in one county in this state for 7 years, proof that he had taken out no naturalization papers in that county is no evidence that he was not a legal voter.

**Declarations Against Interest of Party Making Them.**

Declarations of a party that he had "voted, but had no citizen's papers," when confined to no time, place, or election, are not admissible in evidence to show that such party was not a qualified voter at a specified time and election.

Appeal from District Court, Walsh County; *Sauter,* J.
Action by John Kadlec against Frank Pavik. Judgment for plaintiff, and defendant appeals.
Reversed.

*Spencer & Sinkler,* for appellant.

*Jeff M. Myers,* for respondent.

BARTHOLOMEW, C. J. This is a contest over the office of village marshal in the Village of Pisek, in Walsh county. The election was held May 1, 1899, and a certificate of election was duly issued to the contestee by the proper canvassing board. On the trial the court found the votes to be a tie, and ordered the cancellation of the certificate of election, and that the board of canvassers reconvene and cast lots, as the statutes direct in case of a tie. The contestee appeals.

Numerous errors are assigned and argued at length, but we shall

confine ourselves to those which relate to the legality of the ballot cast by one Charles Jarus. It is claimed that this ballot was cast for contestee, and that Jarus was not a legal voter. It is clear that, granting contestant all that the trial court gave him, and all that he can claim under the evidence, yet, if he failed to establish the illegality of the ballot cast by Jarus, the contestee still has one majority. There is no conflict in the testimony on the point. The facts are that Jarus was foreign born; that he came to this country about 10 years before this election was held, and when he was about 20 years old. There was no evidence to show that he had ever denationalized himself. He had lived in Walsh county for 7 or 8 years before this election was held. The contestant showed these facts, and then showed that the records of Walsh county failed to show that he had ever declared his intention to become a citizen of this country, or received his final naturalization papers. From these facts the trial court concluded that a legal presumption arose that Jarus was not a legal voter. It is a case that rests largely upon presumptions. The alienage being shown, it is presumed to continue until evidence to the contrary is shown. *Hauenstein* v. *Lynham,* 100 U. S. 483, 25 L. Ed. 628. But, when it is shown that the party has cast a vote in this country, then this presumption disappears, and the opposite presumption prevails, because the law will not presume that a party has committed an unlawful act. *Gumm* v. *Hubbard,* 97 Mo. 311, 11 S. W. Rep. 61; *People* v. *Pease,* 27 N. Y. 45; McCrary, Elec. (4th Ed.) § § 466a, 467. True, the learned author of this work says, "The very great difficulty, however, of proving that a person has not been naturalized, would seem to require that slight proof ought to be sufficient to shift the burden." Still there must be some legal evidence to overcome the presumption of legality. Under our statute (section 479, Rev. Codes), to be a legal voter the party must be a citizen of the United States, or must have declared his intention to become such, one year, and not more than six years, prior to the time of voting. The amendment to section 121 of the state constitution does not affect this case, and we do not discuss it. But an alien may declare his intention to become a citizen before a clerk of any Supreme, Superior, Circuit, or District Court in any of the states or territories of the United States, or the District or Circuit Courts of the United States. He is not, in this respect, limited to the county or state of his residence; and after having resided in the United States for at least five years, and in the state or territory where he applies for at least one year, such alien may apply to the courts authorized to grant naturalization for his final papers. Jarus, if his declaration had been properly made, might at any time after he had been in the United States for five years, and a resident of this state for one year, have applied to the District Court in any county in this state for his final papers, and thus become a full citizen. The fact that he had not filed such declaration or made such application in Walsh county has no more probative force than would the fact that he had not made application in any other county of the state.

It may be a fact that the majority of the foreign-born residents of any county will take out their naturalization papers in the county of their residence, but that cannot overcome the fact that many go to other counties, and any and all may go to other counties if they choose. It is true, and we ought to have stated, that one witness testified that he heard Jarus say that he had voted, and had no citizen's papers. When this was, or what election was referred to, is not shown. It may have been the one in controversy. It may have been five years previous. Had these declarations been made respecting the election here in controversy, there are cases that would admit them in evidence (see *State* v. *Olin*, 23 Wis. 311), while other courts would reject them as hearsay (*Gilleland* v. *Schuyler*, 9 Kan. 569; *Davis* v. *State* [Tex. Sup.] 12 S. W. Rep. 957). We need not rule upon the point, as it is certain that title to office cannot be destroyed by such loose declarations as were offered in this case. We find no competent evidence upon which to declare the vote of Charles Jarus illegal. The District Court will set aside its judgment entered herein, and enter judgment dismissing the contest, with costs against the contestant. Reversed. All concur.