# GILBERT HOLTAN v. JOHN A. BECK.

## (125 N. W. 1048.)

**Evidence — Action for Recovery of Office — Sufficiency of Evidence — Presumptions — Innocence.**

In an action brought under chapter 25 of the Code of Civil Procedure for the purpose of trying title to the office of sheriff of McLean county, it appeared from admissions of the pleadings that defendant and appellant received a majority of the votes cast for the office of sheriff of said county at the general election held in McLean county in November, 1908; that he was declared to be elected by the county board of canvassers, and a certificate of election issued to him by the county auditor; that he qualified by taking the oath of office and filing a good and sufficient official bond, which was duly approved by the board of county commissioners of McLean county; that he thereupon entered upon and performed the duties of said office of sheriff, and was, at the beginning of said action, exercising the functions of said office, claiming title thereto, and refusing to surrender the same to the plaintiff as his successor in office. On the trial of said action, plaintiff, in support of his title to said office, over defendant's objection, offered in evidence parts of the minutes of the board of county commissioners of McLean county, reciting that on January 7, 1909, at a regular meeting of the board, a resolution was passed, declaring the office of sheriff of said county to be vacant by reason of the fact that John A. Beck, the party elected thereto, was not a resident of McLean county as then constituted; and that at a subsequent meeting, on January 8, 1909, said board appointed Gilbert Holtan as sheriff of said county and accepted his official bond. Plaintiff also offered in evidence a primary election petition of defendant, John A. Beck, in a part of which he stated under oath that on March 14, 1908, he was a resident of McClusky, which at the time of the trial and at all times after December 24, 1908, was in the newly segregated county of Sheridan; also, a copy of the poll list of McClusky precinct, showing that on June 24, 1908, J. A. Beck voted at a primary election held in that precinct. Upon the introduction of this testimony, plaintiff rested, and defendant offered no testimony whatever.

*Held*, that plaintiff has failed by competent evidence to prove the allegations necessary to sustain his action, and that the trial court should have granted the motion made by defendant at the close of plaintiff's testimony to dismiss the action.

Opinion filed February 11, 1910. Rehearing denied April 13, 1910.

Appeal from District Court, McLean county; *W. H. Winchester*, J.

Civil action by Gilbert Holtan against John A. Beck for the purpose of obtaining the remedy formerly obtainable by the writ of quo war-

ranto in trying the opposing claims of plaintiff and defendant to the office of sheriff of McLean county. A judgment was entered declaring the plaintiff entitled to the office, and ousting defendant, from which judgment defendant appeals.

Judgment reversed, and action dismissed.

*Hyland & Nuessle,* for appellant.

When causes creating a vacancy arise, it exists regardless of the action of the board. Rev. Codes, § 422; 29 Cyc. Law & Proc. p. 1401, cases cited, note 44; People ex rel. Finigan v. Perkins, 85 Cal. 509, 26 Pac. 245; State ex rel. Atty. Gen. v. Matheny, 7 Kan. 327; Re Atty. Gen. 14 Fla. 277; Johnson v. Mann, 77 Va. 265; People ex rel. Tracy v. Brite, 55 Cal. 79.

There is no presumption that J. A. Beck and John A. Beck are the same. Jones, Ev. ¶ 99, and cases cited; Andrews, Pl. ¶ 71, note and cases cited; Andrews v. Wynn, 4 S. D. 40, 54 N. W. 1047; 16 Cyc. Law & Proc. p. 1056; Ambs v. Chicago, St. P. M. & O. R. Co. 44 Minn. 266, 46 N. W. 321; Bennett v. Libhart, 27 Mich. 489; Lawson, Presumptive Ev. Rule 58, p. 255.

Respondent must show his appointment, disqualification of appellant, and a vacancy. 29 Cyc. Law & Proc. p. 1419, and cases cited in note; Tillman v. Otter, 93 Ky. 600, 29 L.R.A. 110, 20 S. W. 1036; Miller v. English, 21 N. J. L. 317; Throop, Pub. Off. 785, and cases cited; State ex rel. Clarke v. Board of Health, 49 N. J. L. 349, 8 Atl. 509.

Presumption is against crime and in favor of innocence. Revised Codes, § 7317, ¶ 1; Kadlec v. Pavik, 9 N. D. 278, 83 N. W. 5; Jones, Ev. ¶ 100; Excelsior Mfg. Co. v. Owens, 58 Ark. 556, 25 S. W. 868; Klein v. Laudman, 29 Mo. 259; Smith v. Fuller, 16 L.R.A.(N.S.) 98, and note, 138 Iowa, 91, 115 N. W. 912; Waddingham v. Waddingham, 21 Mo. App. 609.

*McCullouch & Gibson (Engerud, Holt, & Frame,* of counsel), for respondent.

Election of unqualified person to office is of no effect. People v. Morrell, 21 Wend. 563; State ex rel. Hartshorn v. Walker, 17 Ohio, 135; State ex rel. Ives v. Choate, 11 Ohio, 511; Carleton v. People, 10 Mich. 250; People ex rel. Tracy v. Brite, 55 Cal. 79; Yonkey v.

State, 27 Ind. 236; Re Bagley, 27 How. Pr. 151; Throop, Pub. Off. §§ 424, 426.

It was the duty of county commissioners to recognize vacancy and fill it. Yonkey v. State; Re Bagley; State ex rel. Ives v. Choate; and People ex rel. Tracy v. Brite, supra.

Exercise of power to appoint presumes lawfulness of such appointment. 9 Enc. Ev. p. 183; Eldodt v. Territory, 10 N. M. 141, 61 Pac. 105; Conklin v. Cunningham, 7 N. M. 445, 38 Pac. 170; Wenner v. Smith, 4 Utah, 238, 9 Pac. 293; Thompson v. Holt, 52 Ala. 501; State ex rel. Jackson v. Howard County, 41 Mo. 251; Throop, Pub. Off. § 558; Salem v. Eastern R. Co. 98 Mass. 451, 96 Am. Dec. 650.

Action of board was conclusive on collateral attack. State, Amerman, Prosecutor, v. Briggs, 50 N. J. L. 114, 11 Atl. 423; Johnson v. Towsley, 13 Wall. 83, 20 L. ed. 486; Oxborough v. Boesser, 30 Minn. 1, 13 N. W. 906; Robb v. Brachmann, 24 Ohio St. 3; State ex rel. Ocean County v. Vanarsdale, 42 N. J. L. 536; 1 Herman, Estoppel, §§ 435–439; notes to Duchess of Kingston's Case in 3 Smith, Lead. Cas. 2101.

ELLSWORTH, J. This appeal arises out of a civil action brought under the provisions of chapter 25 of the Code of Civil Procedure for the purpose of trying, as formerly under the writ of quo warranto, the opposing claims of plaintiff and defendant to the office of sheriff of McLean county. The plaintiff (respondent here) alleges, in substance: That he is a resident and elector of McLean county as it is at present constituted. That at the general election held in November, 1908, there was submitted to the electors of McLean county, as it then existed, the question of dividing said county by creating out of a portion thereof a new county to be known as "Sheridan county." That at such election a majority of the votes cast on the proposition of dividing the county were in favor of the creation of the new county of Sheridan. That thereafter such proceedings were had by the governor of the state of North Dakota and the board of county commissioners that said county of Sheridan was segregated from the county of McLean; such proceeding being complete on December 24, 1908; that, at the same general election in which the vote on county division was taken, the defendant, John A. Beck, was a candidate for the office of sheriff

of McLean county as it then existed, and received a majority of the votes cast at said election for such office. That, upon the canvass of said vote by the county board of canvassers, a certificate in the form provided by law was executed and delivered to said defendant by the county auditor of McLean county. That said defendant, at the time of said general election, was, and ever since has been, and now is, a resident and elector of that territory inclosed within the boundaries of the newly organized county of Sheridan, and has been such resident and elector continuously since the 24th day of December, 1908, and is not now, and has not at any time been, a resident or elector of Mc-Lean county as it now exists. That on the 8th day of January, 1909, the board of county commissioners of McLean county, at the regular annual meeting of such board, by resolution appointed the plaintiff to the office of sheriff of McLean county to fill the vacancy caused by the disqualification of the defendant. That thereupon plaintiff qualified as required by law, by executing and filing the oath of office and an official bond, and on the 16th day of January, 1909, made demand upon defendant for the possession of the books, records, and other property belonging to said office. That the defendant then and there refused, and still refuses, to surrender said office, or any of the books, papers, or records thereof, to plaintiff, and continues to withhold the same and to remain in possession of the sheriff's residence; and denies plaintiff's title and right to such office. Then follows a prayer for judgment, declaring that plaintiff is the rightful sheriff of McLean county and entitled to exercise the powers and functions of that office and to take and receive from defendant the books, records, and other property pertaining thereto; and that defendant be ousted and excluded therefrom and enjoined from in any manner interfering with or intruding into said office.

The defendant admits the allegations of the complaint with reference to the election held in November, 1908, and the results thereof so far as they relate to the division of McLean county and the office of sheriff of said county. He admits that by official declaration of the board of county canvassers he was entitled to receive, and did receive, a certificate of election from the county auditor to said office of sheriff. He denies that he was on and after December 24, 1908, a resident of that portion of the former territory of McLean county now constituting

the new county of Sheridan, and in that behalf alleges that at the time of the general election in November, 1908, and ever since, he has been, and now is, a resident and elector within the territory which is comprised within the county of McLean as it is now constituted, and that he is now, and has been ever since the 24th day of December, 1908, continuously, a resident, citizen, and elector of said county. He further alleges that, after receiving the certificate of election to said office, on the 4th day of January, 1909, he took and executed the oath of office and filed with the county auditor of McLean county a good and sufficient official bond; that same was duly approved by the board of county commissioners of said county; that thereupon he did enter upon and perform the functions and duties of said office, and has at all times since the 7th day of January, 1909, exercised and performed all the duties, powers, and functions of said office of sheriff of McLean county, and is now exercising and performing the same.

The case came on for trial before the district court without a jury on July 21, 1909, and the plaintiff offered in evidence certain pages of the minute book of the county commissioners of McLean county, from which it appeared that on January 7, 1909, at a regular meeting of the board of county commissioners, a resolution was passed reciting the division of McLean county and the creation of the new county of Sheridan by means of the vote taken at the general election held in November, 1908; that the segregation of Sheridan from McLean county was fully completed on December 24, 1908; that the defendant, Beck, a resident of the village of McClusky, formerly in the county of McLean, but now a resident of the county of Sheridan, had been elected, had qualified, and was then acting as and occupying the office of sheriff of McLean county; that by reason of the fact that said defendant was not an elector of the county of McLean or a resident of the county in which the duties of the office are to be discharged, and therefore not qualified to hold the office of sheriff of said county, the same was declared to be vacant. A further portion of the minutes of the county commissioners was then offered, showing that at a meeting of said board on January 8, 1909, with all members present, "on motion Gilbert Holtan was appointed sheriff of McLean county," and that on February 1, 1909, at a meeting of said board, "on motion the official bond of Gilbert Holtan, sheriff, was accepted, the same having

been approved as to form by the state's attorney." The paper containing the official oath and bond of Gilbert Holtan as sheriff was then offered in evidence, and it, together with the offers made of parts of the records of the county commissioners' proceedings, was objected to by defendant on the ground that all of such evidence was incompetent, irrelevant, and immaterial, in that it did not show, or tend to show, any legal appointment of plaintiff as sheriff of McLean county, or that any vacancy in the office of sheriff of such county existed at the time such appointment was made. Plaintiff then offered in evidence a paper designated as "primary election petition of John A. Beck," containing, among other things, an affidavit of John A. Beck made on March 14, 1908, in which he deposed in the words, "I reside at McClusky in the county of McLean and state of North Dakota." There was also offered in evidence a primary election poll-book for McClusky precinct of said McLean county for an election held June 24, 1908, on which the name of J. A. Beck appeared as that of one who voted in that precinct at that election. The offer of these exhibits was objected to by defendant for the same reasons given in his objection to the other evidence. Plaintiff then testified that he was a resident of McLean county as constituted at the time of the trial, and that he had executed the oath of office and official bond offered in evidence. At the close of his testimony, plaintiff rested his case, and defendant moved for a dismissal of the action on the ground that plaintiff had wholly failed by competent evidence to prove the allegations set out in his complaint, and had not shown himself entitled to hold the office of sheriff or to recover in the action. This motion was denied by the court, and the defendant elected to stand thereon, and did not offer any evidence whatever in his own behalf.

The district court thereupon entered its findings of fact, which, among others, contained the following: "That said defendant was at the time of said election, and ever since has been, a resident and elector within that territory which is comprised within the boundaries of said newly organized Sheridan county, and was not and is not a resident or elector of the county of McLean as it now exists and has existed since the 24th day of December, 1908." It further found that the allegations of plaintiff's complaint were true, and, as a conclusion of law, that the defendant, Beck, was disqualified to hold and ineligible to

the office of sheriff of McLean county after the completion of the organization of Sheridan county; that a vacancy existed in the office of sheriff of McLean county on January 7, 1908; and that plaintiff was legally appointed to and qualified for said office, and was entitled to a judgment ousting defendant therefrom and requiring him to surrender to plaintiff the books, records, and property pertaining thereto. Defendant demands that the action be tried anew in this court, and specifies as error of the district court its findings that the defendant, Beck, was not a resident of McLean county as constituted at the initiation of the action; that by reason thereof the office of sheriff was vacant; and that defendant was legally appointed to and entitled to the same.

The first question presented for our consideration, therefore, is whether or not the findings of the court that defendant, Beck, was not a resident of McLean county as constituted on January 7, 1909, is supported by the evidence introduced for that purpose. As there was no conflicting evidence introduced by defendant, if there is any competent proof whatever to support the finding of the court, it will not be disturbed. If the finding is sustained, the conclusion necessarily follows that defendant was disqualified to act as sheriff of McLean county, and that by reason of such fact a vacancy existed in the office.

An examination of the evidence offered by respondent serves to show that there is no direct evidence that on January 7, 1909, Beck was not a resident of McLean county as then constituted. Plaintiff in offering in evidence the record of the proceedings of the county commissioners of McLean county on January 7, 1909, and subsequent dates, relies wholly upon a presumption arising from the fact of plaintiff's appointment. The rule relied on is that "the exercise of the power of appointment and the issuing of a commission to an appointee is presumptive, but not conclusive, evidence of the existence of a vacancy in the office to which the appointment is made." 9 Enc. Ev. p. 183. It is conceded by respondent that the county commissioners were without power to remove defendant from office, and that the part of their resolution reciting that after December 24, 1908, defendant, Beck, was not a resident of McLean county, is without evidential force. It is also conceded that in case defendant was not a resident of the county in which the duties of his office were to be discharged, on January 7,

1909, such fact by operation of law rendered his office vacant. Rev. Codes 1905, § 422, subd. 7. If such vacancy in fact existed, then the board of county commissioners was vested with the right of appointment to fill the vacancy. Such appointment, however, must be made not only by formal action of the board, but "in writing." Rev. Codes 1905, §§ 428, 431.

It is apparent from the section above quoted that the last act contemplated on the part of the appointing power is the issuance to the appointee of a writing in some form, whether it be denominated "commission" or "certificate of appointment." Until this writing is executed, the appointment is not final and irrevocable, but may be reconsidered at any time before such certificate is issued and another person appointed to the office. Conger v. Gilmer, 32 Cal. 75. When issued, it "is manifestly the best evidence of the officer's title, with or without accompanying evidence of the jurisdiction of the officer or body issuing the certificate as the general rules of evidence may require." Throop, Pub. Offi. § 297. This writing is evidently the "commission" contemplated by the rule of evidence above quoted upon which respondent relies, which, when introduced in evidence, operates not only to raise a presumption of an existing vacancy in the office to which the party named in it is appointed, but serves also as evidence prima facie of his title to the office. Chandler v. Starling, 19 N. D. 144, 121 N. W. 198.

The appointment shown by the record of the proceedings of the county commissioners introduced in evidence by plaintiff and respondent is at best inchoate, and, in view of the objection made by appellant, the proof offered must be regarded as secondary and incompetent for the purpose of showing a valid appointment or of establishing title to the office. No attempt was made to show anything more than that a motion or resolution was passed by the board of county commissioners. Even if we assume that all formality in the matter of an appointment in writing may be dispensed with, it does not appear that the resolution adopted was in writing. No attempt was made to show that a certificate of appointment was at any time issued and was lost or destroyed, in order to lay the foundation for secondary proof of appointment. Such evidence, therefore, not only wholly fails to raise a presumption of an existing vacancy in office, but fails entirely to prove

the fact of appointment, or that plaintiff had acquired any title to the office. It was therefore properly objectionable on all the grounds urged by appellant, and cannot be considered for the purpose of sustaining the finding of the court.

The affidavit of appellant sworn to by him on March 14, 1908, may be regarded as an admission by him that at that date his residence was at McClusky. This court will take judicial notice of the fact that the village of McClusky was at that time within the territory now embraced in the new county of Sheridan and outside of the boundaries of McLean county as constituted on and after December 24, 1908.

Appellant contends that the expression, "at McClusky," can be taken only to mean that appellant's postoffice address was at that point, and that his actual residence might be at a point sufficiently distant therefrom to bring it within the limits of McLean county as at present constituted. He further contends that there is no sufficient identification of John A. Beck the defendant, with J. A. Beck, the party whose name appears upon the poll list of the primary election held in McClusky precinct on June 24, 1908; and that, even though the voter who is named was in fact the defendant, there is nothing to show that the portion of McClusky precinct in which he then resided was not within the present limits of McLean county. In our view of the entire case, however, a determination of these points is not necessary or important, and it may therefore be assumed that on March 14, 1908, and June 24, 1908, appellant was a resident of McClusky precinct and living beyond the boundaries of McLean County as constituted after the segregation of Sheridan county on December 24, 1908. His residence thus assumed, it is claimed there arises a presumption applicable to a status such as possession, ownership, residence, and the like that, once shown to exist, it continues until the contrary is established by evidence either direct or presumptive. This presumption, though it has been recognized in many cases as existing, does not seem to be established as "a genuine rule," and is "always disputable, sometimes entitled to considerable weight, but frequently liable to be rebutted by very slight circumstances." 1 Jones, Ev. § 52; 4 Wigmore, Ev. § 2531.

Assuming, therefore, that defendant, on June 24, 1908, had his place of residence outside of the limits of McLean county as now con-

stituted, does it follow, as a reasonable presumption from the facts shown, that his residence at this place continued after the time that he qualified as sheriff of McLean county, claimed title to the property and emoluments of that office, and entered upon the exercise of its very important functions? We have already noted that the presumption of continuity of residence may be rebutted by slight circumstances raised either directly or presumptively.

If it appears, in an action such as this, that the person against whom it has been commenced is guilty of usurping, intruding into, or unlawfully holding or exercising the office in question, the court is authorized not only to render judgment ousting and excluding him therefrom, but may in its discretion impose upon him a fine not exceeding $5,000. Rev. Codes 1905, § 7359. If he is falsely assuming or pretending to be or to act as a county officer when he is not such in fact, he is liable to fine and imprisonment. Rev. Codes 1905, § 8632. If he is wilfully exercising any of the functions of his office after the expiration of his term and the qualification of his successor, he is guilty of a misdemeanor. Rev. Codes 1905, § 8646. If, knowing his term to have expired or his office to be vacant, he refuses to surrender to his successor the books and papers appertaining to his office, he is also guilty of a misdemeanor. Rev. Codes 1905, § 8647. It is alleged in plaintiff's pleading, and is one of the undisputed facts present in this case, that defendant holds a certificate of election to the office of sheriff of McLean county for a term of two years from January 4, 1909, has made and filed his official oath and bond, is exercising and claiming the right to exercise the duties of the office, and is refusing to turn over the books and papers belonging to said office, or to permit plaintiff to enter into the same. It follows that unless he has, between June 24, 1908, and the initiation of this action, transferred his residence from the county of Sheridan to McLean county, every act that he has performed as sheriff of McLean county is an unlawful act, and that he is guilty of a crime and misdemeanor, and is liable to fine, forfeiture, and imprisonment. In the face of a state of facts such as this, the slight and inconclusive presumption that his residence still continues in Sheridan county entirely disappears. "The law will not presume that a party has committed an unlawful act." Kadlec v. Pavik, 9 N. D. 278, 83 N. W. 5. Such presumption is one of the

strongest known to the law, and clearly outweighs any presumption that a state of fact shown to exist continues unchanged for several months thereafter.

It is urged by the plaintiff in this action that the fact with reference to appéllant's place of residence was peculiarly within his own mind and most easily proved or disproved by him; and, if such residence was in McLean county, defendant might in a few words have given direct testimony that would have settled conclusively the entire matter, and that the fact that he sat mute and did not offer any testimony whatever "is most persuasive against him." It will be noted, however, that the plaintiff, while attacking the title to office of one whom he admits is acting in the office, elected to rest his case entirely upon presumption. In such a case appellant was entirely within his rights in also deciding to rest upon the much stronger presumption arising out of his incumbency of the office. Plaintiff might at any time, in presenting proof upon what he admits is "a vital point," have called appellant to the stand, and under a statutory right of cross-examination have inquired of him as to his residence at and after the time of the segregation of the territory now comprising Sheridan county from that of McLean county, without in any manner binding or concluding himself by his statements. Schwoebel v. Fugina, 14 N. D. 375, 104 N. W. 848. The duty to furnish direct and positive testimony of any essential fact is certainly first the duty of the party having the burden of proof.

In an action of this character, it is incumbent upon plaintiff to show by clear and satisfactory evidence his title to the office claimed. He cannot rely upon the weakness of the defendant's title. In this particular plaintiff has wholly failed. His evidence not only falls short of showing even presumptively a vacancy in the office, but also fails to show a valid and irrevocable appointment. As noted above, the presumptions are all in favor of defendant's lawful tenure of the office at the time of the beginning of this action. As against this state of facts, plaintiff must show not only an actual vacancy existing therein, but a valid appointment thereto. "A 'vacancy in office,' within the meaning of the law, can never exist when an incumbent of the office is lawfully there and is in the actual discharge of official duty." State

ex rel. Standish v. Boucher, 3 N. D. 389, 21 L.R.A. 539, 56 N. W. 142.

At the close of the evidence offered, the district court should have granted defendant's motion to dismiss the action.

The judgment entered by the district court is, accordingly, reversed, and it is directed to enter a judgment dismissing the action.

Fisk, J. (concurring specially). I concur in the result arrived at in the foregoing opinion; but, as to that portion of the opinion wherein it is held that the proof of plaintiff's appointment by the board of county commissioners is insufficient, I choose to express no opinion, as a decision of such question is wholly unnecessary to a decision of the case.

Carmody, J. I concur with Judge Fisk.

On Petition for Rehearing.

Per Curiam. A petition for rehearing filed by respondent's counsel in this case calls attention to an inadvertent misstatement in the opinion of this court in the clause, "It is conceded by respondent in this case that the county commissioners were without power to remove defendant from office, and that the part of their resolution reciting that after December 24, 1908, defendant, Beck, was not a resident of Mc-Lean county, is without evidential force." It is apparent, from an examination of respondent's brief, that this clause is inaccurately framed, and should have read: "It is conceded by respondent that the county commissioners were without power to remove defendant from office. The part of their resolution reciting that after December 24, 1908, defendant, Beck, was not a resident of McLean county, is therefore without evidential force." While it is true that respondent does not concede that the preamble to the commissioners' resolution referred to in the opinion is without evidential force, it is obvious that such is the case. Respondent's contention in his brief, and also upon his motion for rehearing, is that under the provisions of § 2339, Rev. Codes 1905, after the division of a county it becomes the duty of the board of county commissioners of the original county to inquire into

and determine what offices have become vacant by the segregation of a part, in order that any vacancies found to exist may be filled; and that a finding of fact made in the course of an official inquiry instituted in the performance of that duty carries with it at least prima facie evidence of truth. The authority for such inquiry respondent claims is necessarily implied from § 2339, which reads as follows: "The county commissioners of a county from which a portion segregates under this article shall immediately after such segregation redistrict their county into the districts provided for by the laws then existing and shall fill the vacancies occasioned by such segregation in the manner provided by law for filling vacancies." A reasonable construction of this section, according to its terms, discloses no additional duty required of the county commissioners except that of creating new commissioners' districts when rendered necessary by the division of the county. If in performance of this duty it incidentally appears that the office of county commissioner or possibly some other of the county offices are vacant by reason of the division, the board is required to fill the vacancy. If the purpose of the statute is to require as a duty of the county commissioners an inquiry into the fact of vacancies in office, the means under which such inquiry could be fairly and justly made would certainly be provided, including, among other important incidents, notice to the party whose office may be declared vacant. No such notice is provided for; neither is an orderly procedure of any kind governing the conduct of such inquiry indicated or suggested. The evident purpose of this statute is to provide only for redistricting the county after the segregation of a part, and the power of the county commissioners to inquire into or declare a vacancy in office is in no manner extended by its provisions. As any evidential force to be given the finding of the county commissioners that a vacancy existed depends wholly upon whether it was made as the result of an inquiry which the commissioners were authorized or required to institute, it follows that under the facts of this case such finding is wholly without weight either as a direct or presumptive means of proof.

Counsel in his petition for rehearing also attacks the reasoning of the opinion to the effect that the evidence submitted of respondent's appointment is insufficient to establish prima facie his title to the office or to raise a presumption that a vacancy existed in the office. His contention is that the record of the action of the county commissioners

made by the county auditor on his minutes is an ample and sufficient compliance with the statute requiring that an appointment to fill a vacancy be made in writing, and dispenses with the necessity of a formal written commission. In the view of the writer of this opinion, such contention is without merit. The commission provided for by statute is evidently a writing signed by the appointing power, and not simply a written record of its oral action; and nothing short of production of the document itself will satisfy the conditions required of a party who elects to rely wholly upon a presumption arising from the fact of such appointment, or to base a claim of title to office upon it. There is the same differences between the appointment in writing required by law and an entry on the commissioners' minutes stating the fact of appointment as there is between any official document duly executed by the officer required to make it and the history of his act in making and signing such a paper written by another and entirely different person. In this view, however, as will be noted from an examination of the opinion, the other members of this court do not deem it necessary to the result announced to concur, but hold that, even though the appointment shown by the evidence of this case raises a presumption of vacancy in office, such presumption is entirely overborne by the counterpresumption that defendant did not commit a crime by taking, holding, and attempting to perform the duties of a county office when he was not a resident of the county.

The petition for rehearing is therefore denied.