## L. E. HITCHCOCK v. CONSOLIDATED SCHOOL DISTRICT NO. 12 and Others.[1]

October 3, 1913.

Nos. 18,160—(252).

**Naturalization — presumption.**

    1. Proof that a foreign born resident has voted, when voting without naturalization is a crime, raises a presumption of naturalization; and this presumption arises though the naturalization of the one voting comes through the naturalization of his father.

**Same — evidence.**

    2. Applying the law stated to the evidence, it is *held* that a holding that a resident of the state, born in Germany, who had voted many years in this country, was a citizen, is justified.

From an order of the superintendent of schools of Anoka county ordering a consolidation of six school districts in the county of Anoka and one district in the county of Isanti, L. E. Hitchcock, a freeholder of one of the districts in Anoka county, appealed to the district court for that county on the following grounds: (1) .That the superintendent had no jurisdiction to make the order; (2) that he exceeded his jurisdiction; and (3) that the order and formation of the consolidated district were against the best interests of the territory affected; and (4) that no posted notice of the election or

[1] Reported in 143 N. W. 120.

special meeting to be held to vote upon the question of consolidation was given in any district. The appellant filed his complaint on appeal setting up his objections to the order, and the consolidated school district, appearing specially and only for the purpose of objecting to the jurisdiction of the court, demurred to the statement of the grounds of appeal and objections to the order in question, and prayed that the appeal be dismissed. The matter was heard by Giddings, J., who affirmed the order for consolidation and ordered judgment accordingly. Appellant's motion for amended findings was granted in part. From an order denying his motion for a new trial, he appealed. Affirmed.

*Will A. Blanchard,* for appellant.
*Albert F. Pratt,* for respondent.

DIBELL, C.

This is an appeal from an order denying a motion for a new trial in a statutory proceeding resulting in the consolidation of certain school districts in Anoka and Isanti counties.

One Mike Samletzka signed the petition presented by certain persons, assuming to be resident freeholders and qualified voters of one of the districts, praying for the calling of an election to vote upon the question of consolidation. Samletzka was a resident freeholder. If he was a citizen the petition which he signed was sufficient, and the proceedings resulting in the consolidation are valid. He is of foreign birth. The trial court held that he was a citizen.

1. When one of foreign birth votes in this country, and voting without naturalization is a crime, the presumption is that he was naturalized and voted legally. This presumption obtains though his naturalization comes through the naturalization of his father before he became of age. The following cases illustrate the principles stated: Kadlec v. Pavik, 9 N. D. 278, 83 N. W. 5; Rexroth v. Schein, 206 Ill. 80, 69 N. E. 240; Behrensmeyer v. Kreitz, 135 Ill. 591, 26 N. E. 704; Dorsey v. Brigham, 177 Ill. 250, 52 N. E. 303, 42 L.R.A. 809, 69 Am. St. 228; People v. Pease, 27 N. Y. 45, 84 Am. Dec. 242; Boyd v. Nebraska, 143 U. S. 135, 12 Sup. Ct.

375, 36 L. ed. 103; School District No. 40 v. Bolstad, 121 Minn. 376, 141 N. W. 801. This presumption is an assumption of the law for administrative or procedural purposes. Without evidence the presumption is determinative. It may be overcome by evidence. When evidence is adduced tending to disprove the fact presumed, no arbitrary or artificial evidentiary effect is given to the fact of prior voting. The tribunal trying the issue weighs the evidence produced on one side and the other, gives the fact of prior voting such probative effect as its evidential character justifies, and determines the issue. 4 Wigmore, § 2491. The question of the burden of proof does not call for discussion in the case before us.

2. Samletzka was born in Germany in 1865. He came to Wisconsin with his father in 1872. His father received his first papers in 1873. It is not shown that he ever received his second papers. In 1886 Samletzka became of age. His father then said to him: "Now you can go and vote." Until 1912 one of foreign birth was entitled to vote in Wisconsin by virtue of his first papers. The son was not entitled to vote, unless his father had his second papers when he became of age. His father's first papers gave him no right to vote. The son took out no papers. He came to Anoka county with his father something like three years ago. The father is now dead. The son has voted in Wisconsin and Minnesota since he became of age in 1886, apparently in the belief that he was a legal voter. Since this controversy arose, and since the attack upon his right to vote, he has become doubtful of his citizenship. An inquiry in Wisconsin has resulted in finding a record of his father's first papers. His second papers have not been found. The son now contemplates applying for citizenship in the usual way. These are the important facts.

Applying the law stated to the evidence recited a holding that Samletzka is a citizen through the naturalization of his father is justified.

Order affirmed.