[File No. 6176.]

H. G. SAYLER, Appellant, v. JOHN I. BRADY, Doing Business as the Brady Motor Company, Respondent.

(248 N. W. 673.)

472

Opinion filed May 20, 1933.

*Chas. J. Vogel*, for appellant.

*Lawrence, Murphy, Fuller & Powers*, for respondent.

*Usher L. Burdick*, amicus curiæ.

Nuessle, Ch. J. The plaintiff in this case seeks to rescind a contract for the purchase of an automobile and to recover that part of the consideration paid by him.

The case was tried to the court without a jury. The facts are stipulated. From this stipulation it appears that the defendant was engaged in the business of selling automobiles in the city of Fargo. On March 11, 1933, he entered into a written contract under which he agreed to sell and the plaintiff agreed to buy a 1933 Model Studebaker Six Regal Sedan at a price of $1,250. At the time this contract was entered into the plaintiff paid $250 and delivered a used car at the agreed price of $300, leaving a balance for deferred payments of $700. It was further agreed that on or before April 1st defendant would deliver and plaintiff would accept a certain blue sedan of the above model then on the sales floor of the defendant or an identical model of different color. The plaintiff further agreed that upon delivery of the said sedan he would enter into a conditional sales contract with the defendant covering the car and providing for the payment of the balance of the purchase price in ten monthly instalments of $70 each, payable with interest at 8 per cent on each instalment. Thereafter and before he received the car from the defendant he gave notice of rescission of the agreement to purchase it and demanded a return of the consideration theretofore delivered by him, which demand the defendant refused. It appears that the defendant procures his Studebaker cars from the manufacturer thereof at a fixed wholesale selling price which is advertised throughout the United States at a certain sum f. o. b. factory. By arrangement between the defendant and the manufacturer, the retail price at Fargo for the car purchased by the plaintiff was set at $1,231. The defendant, however, in disregard of this arrangement with the manufacturer, followed the practice of making a slight addition to this price. He fixed the selling price at $1,250 and so advertised it. And this was the price stated on the tags attached to the cars of this model on the floor of his showroom and posted therein. His salesmen in soliciting prospective buyers quoted this price to them. But while the price of the car in question was thus advertised and held out to the public as being $1,250, the defendant had in one instance prior to the sale to the plaintiff offered the car in question to one person for $1,100 cash, to another for $1,150 cash, and to another for $1,250 cash

with a trunk of the value of $25 thrown in. However, there were other considerations in connection with these offers. Among these considerations was the advertising from which the defendant might benefit through the sale of said cars to the several individuals at the particular times when the offers were made. In fact, however, no sales appear to have been made by him for cash or otherwise at a price other than $1,250.

. Section 6073, 1925 Supplement to the 1913 Compiled Laws of North Dakota, as amended by chapter 274, Sess. Laws 1927, provides: "No person, firm, company or corporation shall directly or indirectly take or receive, or agree to take or receive in money, goods or things in action, or in any other way, any greater sum or any greater value for the loan or forbearance of money, goods or things in action, than nine per cent per annum, and in the computation of interest, the same shall not be compounded. Any violation of this Section shall be deemed usury; provided, that any contract to pay interest not usurious on interest overdue shall not be deemed usury."

House Bill No. 93, enacted by the 1933 legislative assembly, amends this section to read: "No person, co-partnership, association, or corporation shall directly or indirectly take or receive, or agree to take or receive in money, goods or things in action, or in any other way, any greater sum or any greater value for the loan or forbearance of money, goods or things in action, than *eight* per cent per annum, and in the computation of interest, the same shall not be compounded. Any violation of this Section shall be deemed usury; *provided, that any contract hereafter made, to pay interest on interest overdue shall be deemed usury; provided further, than any evasion of this act by charging more for goods or chattels when sold on credit, or on deferred payments, or when sold upon monthly or installment payments, shall be deemed usury whenever the total payments shall exceed the cash selling price, plus eight per cent interest. Nothing in this act shall be construed by any court to excuse or legalize any past evasion of the usury law, or exonerate any person, firm or corporation that may have been guilty in the past of charging a usurious rate of interest, in violation of Section 6073 of the Supplement to the 1913 Compiled Laws of North Dakota, as amended by Chapter 274, Session Laws, 1927.*"

. ' The amendments are shown in italics.

The plaintiff contends that the contract in question is void because it violates the provisions of this last statute, in that the defendant exacted a price for the car in question greater than the cash selling price thereof plus interest at 8 per cent on the deferred portion of the purchase price. The defendant contends that the facts show no violation of the statute; that, in any event, the statute is unconstitutional in that it contravenes the Fourteenth Amendment of the Constitution of the United States.

The trial court held that there had been no violation of the statute and ordered judgment in favor of the defendant. From the judgment entered accordingly the plaintiff appeals.

The plaintiff seeks to avoid the contract on the ground that it violates the terms of the statute on which he relies. Thus he has the burden of establishing the violation. Presumptively the contract is valid. It will not be presumed that the defendant acted contrary to law in entering into it. The presumption is to the contrary. See Fried v. Olsen, 22 N. D. 381, 133 N. W. 1041; Holtan v. Beck, 20 N. D. 5, 125 N. W. 1048; Comp. Laws 1913, subsecs. 1 and 33, § 7936.

The defendant is engaged in the business of selling automobiles. He advertises the price that he asks for his wares. Thus he says to the public what the cash price is. But until he makes an offer which is accepted by a buyer, he is free to change his price. In the instant case the price advertised and thus held out to the public generally for the car which the plaintiff purchased was $1,250. That was the price ordinarily quoted by defendant's salesmen to prospective buyers, and that was the price fixed in the contract of purchase in this particular case. It does not appear that any other sales were made at less than that price. Nor does it appear that the defendant offered to sell for cash to the plaintiff for less than that price. There is nothing to indicate that the contract price was thus fixed in order to enable the defendant to exact an excessive rate of interest.

Section 6073, supra, is included within article 3 of chapter 60 of the civil code. This chapter deals with the subject of loans. It comprises §§ 6050 to 6078, both inclusive, Comp. Laws 1913. Article 1 of chapter 60, being §§ 6050 to 6061, inclusive, deals with the subject of "Loan for Use." Article 2, being §§ 6062 to 6066, inclusive, deals with the subject of "Loan for Exchange." Article 3, being §§ 6067 to 6078, inclusive, deals with the subject of "Loan of Money."

Section 6067 defines a loan of money. Section 6068 provides that repayment must be made in current funds. Section 6069 provides that when a loan of money is made it is presumed to be made on interest. Section 6070 defines interest. Section 6072 fixes the legal rate. Section 6073, which, as amended, is the statute involved in the instant case, defines usury, and § 6076 prescribes the penalty for usury. The title to House Bill No. 93, by which § 6073, as amended, was amended to its present form, as above set out, is as follows: "A Bill for an Act to amend and re-enact § 6073 of the Supplement to the 1913 Compiled Laws of North Dakota, as amended by chapter 274, Session Laws 1927, defining usury, and declaring an emergency." The changes made by the amendment are italicized in the amended section heretofore quoted.

After reading the statute carefully and having in mind the consequences inevitably attendant upon any other construction, we are forced to the conclusion that the legislature did not by this amendment enact a price-fixing statute or forbid or penalize sales of personal property on credit or on deferred or installment payments at different and higher prices than those at which such property would have been sold for cash. On the contrary, House Bill No. 93, was intended to fortify and strengthen the usury statute. It is an amendment to that statute. It penalizes attempts at evasion of its provisions. The proviso that "any evasion of this act by charging more for goods or chattels when sold on credit or on deferred payments or when sold upon monthly or installment payments shall be deemed usury whenever the total payments shall exceed the cash selling price plus eight per cent interest" applies to every sale of personal property. It is designed to circumvent subterfuge; to prevent a lender of money from evading the usury prohibition under the guise and pretense of a sale. For cases touching the question of usury in installment contracts, see Commercial Credit Co. v. Tarwater, 215 Atl. 123, 110 So. 39, 48 A.L.R. 1437, and Standard Motors Finance Co. v. Mitchell Auto Co. 173 Ark. 875, 293 S. W. 1026, 57 A. L.R. 877. The end at which the amended statute aims is not the prevention of sales of the sorts enumerated, but the evasion of the prohibition of excessive interest through the device of such sales. If, as plaintiff contends, the purpose of the proviso be to prohibit the sale of such property on time at a price greater

than the cash price plus eight per cent interest on the deferred payments though there be no intent to evade the usury prohibition, the effect is most extraordinary and far-reaching. No farmer can· sell grain or a horse or a thoroughbred bull on time; nor a hardware man a washing machine; nor a machine dealer a plow; nor a wholesale grocer to a retailer; nor any of them offer a discount for cash in thirty, sixty, or ninety days, where the time price is greater than the cash price plus interest at the rate of eight per cent per annum on the deferred payments. And such instances can be multiplied without end. So it seems to us in applying the amended statute attention must be given to the facts in each particular case. If the sale be made in good faith and the time price be fixed at a sum greater than the cash selling price for any other reason than to evade the prohibition against usury, there is no transgression of the statute and no penalties attach even though the difference be greater than the interest reckoned at eight per cent on the deferred payments. Were we otherwise in doubt as to the propriety of the foregoing construction, that doubt would be wholly dispelled by a consideration of the statute in the light of § 61 of the state constitution. This section reads: "No bill shall embrace more than one subject, which shall be expressed in its title, but a bill which violates this provision shall be invalidated thereby only as to so much thereof as shall not be so expressed." Considering this section of the constitution in Powers Elevator Co. v. Pottner, 16 N. D. 359, 113 N. W. 703, Chief Justice Morgan said:

"This section of the constitution has been construed by this court in several cases. In those cases several principles have been laid down as guides in the construction of the section that should be applied in this case: (1) The law will not be declared unconstitutional on account of the defect unless it is clearly so. (2) The title should be liberally construed, and not in a strict or technical manner. (3) If the provisions of the act are germane to the expressions of the title, the law will be upheld. (4) The object to be gained by the enactment and enforcement of the constitutional provision is to advise the legislature and the public of the substance of the act and to prevent surprise, fraud and the enactment of laws upon incongruous and independent matters under one title. (5) The section of the constitution is mandatory upon the legislature and upon the courts. State ex rel. Goodsill v. Wood-

mansec, 1 N. D. 246, 46 N. W. 970, 11 L.R.A. 420; State ex rel. Standish v. Nomland, 3 N. D. 427, 57 N. W. 85, 44 Am. St. Rep. 572; Richards v. Stark County, 8 N. D. 392, 79 N. W. 863; State ex rel. Kol v. North Dakota Children's Home Soc. 10 N. D. 493, 88 N. W. 273."

· The title to the act here in question recites merely that the bill is for an act to amend and re-enact the statute defining usury. There is nothing in its title to apprise even the most critical reader that the bill deals with the subject of price-fixing or that it attempts to outlaw contracts of sale of any sort. The amendment forbids and penalizes sales on credit and on installment and deferred payments only in those cases where they constitute evasions of the prohibition of excessive interest. It does not provide that such sales shall be considered as evasions of the prohibition. Viewed in the most liberal light, the body of the act is germane to and reasonably connected with what is expressed in its title only when construed in this way.

Viewed in this light the evidence is ample to sustain the judgment from which this appeal is taken and the constitutional question urged by the defendant is not involved.

Judgment affirmed.

BURR, CHRISTIANSON and BURKE, JJ., concur.

BIRDZELL, J. (Concurring in part, dissenting in part.) I concur in the affirmance of the judgment, for the reasons stated in paragraph 2 of the syllabus, but I dissent from that portion of the opinion of the court which so construes the statute as not to include within its prohibition sales on credit or on a deferred plan at a higher price than the cash selling price plus 8 per cent interest. While the proviso is directed at any *evasion* of the act by charging more for goods or chattels when sold on credit or on deferred or installment payments, it also says, somewhat awkwardly it may be admitted, that any such *evasion* "shall be deemed usury whenever the total payment shall exceed the cash selling price, plus 8 per cent interest." It seems to me that the fair intendment of this language is to characterize as usury a sale where the price is deferred and the amount of the payments exceeds the cash selling price by the amount stated. Reading the entire clause

together, it seems to define what shall constitute a prohibited *evasion* of the statute with specific reference to time sales. It may well be doubted whether the construction adhered to by the majority of the court adds anything to the statute. It seems to me the statute should be construed so as to give effect, if possible, to the language added by way of amendment.